# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 13, 2012 Session

## WALTER WORD v. METRO AIR SERVICES, INC. ET AL.

**Direct Appeal from the Chancery Court for Wilson County**
**No. 2011CV476     C.K. Smith, Chancellor**

_____

**No. M2011-02675-SC-R9-WC - Filed August 21, 2012**

_____

In this interlocutory appeal, we must decide whether a trial court has subject matter jurisdiction over a workers' compensation case when the time stamp on the complaint is earlier than the "time noted" on the Benefit Review Conference Report, pursuant to Benefit Review Process Rule 0800-2-5-.09(2).  Because a workers' compensation action may not be filed under Tennessee Code Annotated section 50-6-225(a)(2)(A) (2008) until exhaustion of the benefit review conference process, we hold that when subject matter jurisdiction over a workers' compensation case depends upon the issuance of a Benefit Review Conference Report, the "time noted on the Report" is controlling.  Moreover, we hold that the time stamp on the complaint, if unambiguous, may not be impeached with extrinsic evidence.  Therefore, we reverse the trial court's denial of the employer's motion to dismiss for lack of subject matter jurisdiction and dismiss this action.

**Tenn. Code Ann. § 50-6-225(e) (2008) Interlocutory Appeal; Judgment of the Chancery Court Reversed; Remanded to the Chancery Court**

CORNELIA A. CLARK, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Fred J. Bissinger and Michael W. Jones, Nashville, Tennessee, for the appellants, Metro Air Services, Inc., Midwestern Insurance Alliance, and Praetorian Insurance Company.

B. Keith Williams and James R. Stocks, Lebanon, Tennessee, for the appellee, Walter Word.

1

# OPINION

## Factual and Procedural Background

On September 7, 2010, Walter Word ("Employee") allegedly suffered a work-related injury while working for Metro Air Services, Inc. ("Employer"). On October 20, 2011, Employee and Employer attended a benefit review conference but were unable to reach a resolution. The Tennessee Department of Labor issued a Benefit Review Conference Report ("Report") memorializing the impasse. The Report bears the signature of Workers' Compensation Specialist Jamie Wall and states on its face: "RESPECTFULLY SUBMITTED this 20th day of October, 2011 at 10:24 a.m."

On the same day, Employee filed a complaint in the Wilson County Chancery Court seeking workers' compensation benefits. In the complaint, Employee alleged the following facts relevant to this appeal:

1. Plaintiff is a resident of Lebanon, Wilson County, Tennessee.

2. Defendant is engaged in business in Nashville, Davidson County, Tennessee.

. . . .

5. On or about September 7, 2010, Plaintiff was employed by the Defendant as a maintenance worker and while performing work arising out of and in the course and scope of her [sic] employment with the Defendant, Plaintiff sustained an injury by accident.

. . . .

11. Plaintiff would further show that Plaintiff attended and/or requested a Benefit Review Conference at the Department of Labor and Workforce Development on October 20, 2011. Plaintiff and Defendant were unable to reach a resolution to their disputed issues through the Benefit Review Conference Process.

In addition to Employer, the complaint named as defendants Praetorian Insurance Company and Midwestern Insurance Alliance.[1]  The time stamp affixed by the Wilson County Chancery Court Clerk & Master indicates that the complaint was filed at 10:22 a.m.—two minutes before the impasse report purportedly issued.[2]

Also that same day, Employer filed a complaint based on the same facts in the Davidson County Circuit Court.  After receiving the Report, counsel for Employer called an associate waiting at the Davidson County courthouse and directed her to file Employer's complaint.  The Davidson County Circuit Court Clerk affixed a time stamp indicating a filing time of 10:23 a.m.  Recognizing that this time preceded the time noted on the Report, Employer non-suited the original complaint and re-filed it in the same court at 11:54 a.m.[3]

In response to Employee's Wilson County complaint, Employer filed a limited notice of appearance to contest jurisdiction together with a motion to dismiss for lack of jurisdiction.  Employer argued in its motion that Employee's complaint had been filed prematurely, thereby depriving the Wilson County Chancery Court of subject matter jurisdiction over the case.  In reply, Employee filed affidavits by his attorney, B. Keith Williams, and an assistant of Mr. Williams, Alex Perrigo.  In his affidavit, Mr. Williams averred that he told Ms. Perrigo not to file the complaint until he called her, that he attended the benefit review conference, and that he called Ms. Perrigo only after Ms. Wall handed him the Report.  Ms. Perrigo averred that she filed the complaint only after Mr. Williams called her.

---

[1] In the caption of the Wilson County complaint, Employee named as defendant "Midwestern Insurance Alliance."  In paragraph 4, however, Employee avers that "Midwestern Air Services, Inc." was a workers' compensation insurance carrier for Employer.  No issue about this inconsistency has been raised by the parties in this suit.  All documents filed by the defendants list the proper corporate name as Midwestern Insurance Alliance.  Therefore, we assume that the name used in paragraph 4 is simply a typographical error and that the proper party is Midwestern Insurance Alliance.

[2] On the original complaint, the stamp appears to read, in part, "2011 OCT 20 AM 10:22."  Although the *date* is barely legible, the *time* is clearly legible.  The parties do not dispute that the complaint bears a time stamp of 10:22 a.m. or that the complaint was filed on October 20, 2011; Employee contends that—notwithstanding the time stamp—the complaint was in fact filed after the benefit review conference had concluded.

[3] Although the facts in this paragraph are not in the record, they are undisputed.  Employee appended a copy of the original Davidson County complaint to his brief; Employer appended a copy of the re-filed complaint to its brief.  During oral argument, counsel for Employer stated the facts regarding the filing, non-suit, and re-filing.  As neither of Employer's complaints appears in the record and no evidence has been submitted as to the Davidson County Circuit Court suit, we do not consider these documents in deciding this appeal.

3

At a hearing on the motion, the Wilson County Chancery Court found credible the affidavits Employee filed, determined that it had subject matter jurisdiction, and denied the motion to dismiss. Thereafter, the trial court granted permission to seek an interlocutory appeal,[4] which we granted.[5]

## Standard of Review

To challenge a court's subject matter jurisdiction over a case is to assert that the court lacks the power to adjudicate a particular type of controversy. Osborn v. Marr, 127 S.W.3d 737, 739 (Tenn. 2004). A court derives subject matter jurisdiction from the Tennessee Constitution or legislative act. Meighan v. U.S. Sprint Commc'ns Co., 924 S.W.2d 632, 639 (Tenn. 1996). Whether subject matter jurisdiction exists depends on the nature of the cause of action and the relief sought. Landers v. Jones, 872 S.W.2d 674, 675 (Tenn. 1994). When challenged, a court must determine the gravamen of the case and identify the source of its power to adjudicate that type of controversy. Staats v. McKinnon, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006). The plaintiff bears the burden of proving facts establishing the court's jurisdiction over the case. Chenault v. Walker, 36 S.W.3d 45, 56 (Tenn. 2001). Whether a court has subject matter jurisdiction over a case is a question of law that we review de novo with no presumption of correctness. Northland Ins. Co. v. State, 33 S.W.3d 727, 729 (Tenn. 2000).

## Analysis

We have long recognized the general rule that when an administrative remedy is provided by statute, that remedy must first be exhausted before seeking relief from the courts. Bracey v. Woods, 571 S.W.2d 828, 829 (Tenn. 1978); Tenn. Enamel Mfg. Co. v. Hake, 194 S.W.2d 468, 470 (Tenn. 1946). This exhaustion doctrine prevents premature interference with agency processes. Thomas v. State Bd. of Equalization, 940 S.W.2d 563, 566 (Tenn. 1997). However, we have refused to require exhaustion "when the statute by its plain words does not." Reeves v. Olsen, 691 S.W.2d 527, 530 (Tenn. 1985).

The plain words of the workers' compensation statute expressly require exhaustion: "No claim for compensation under this chapter shall be filed with a court having jurisdiction to hear workers' compensation matters, as provided in § 50-6-225, until the parties have

---

[4] The record reflects that both the Wilson County Chancery Court and the Davidson County Circuit Court stayed the proceedings pending this appeal.

[5] Employer initially pursued an extraordinary appeal. See Tenn. R. App. P. 10. After the trial court granted this Rule 9 application, the Rule 10 appeal was voluntarily dismissed.

exhausted the benefit review conference process provided by the division of workers' compensation."[6] Tenn. Code Ann. § 50-6-203(a)(1) (2008). This appeal turns on whether Employee exhausted the benefit review conference process before filing his complaint.

The parties agree that they attended a benefit review conference at which they were unable to reach an agreement. In this situation, the workers' compensation law allows for either party to file suit—and in potentially different venues:

> In the event the parties are unable to reach an agreement at the benefit review conference as to all issues related to the claim or the benefit review conference process is otherwise exhausted pursuant to rules promulgated by the commissioner,[7] either party may file a civil action as provided in § 50-6-203 in the circuit or chancery court in the county in which the employee resides or in which the injury occurred. . . .

Tenn. Code Ann. § 50-6-225(a)(2)(A) (2008) (footnote added). According to the complaint, Employee resides in Lebanon, so that venue is proper in Wilson County. However, Employee also acknowledges that Employer does business in Nashville and that Employee was injured in the course of his employment, presumably there, so that venue would also be proper in Davidson County.

As we have previously noted, this statutory provision invites a race to the courthouse and "engages attorneys in the undignified spectacle of literally racing to secure perceived procedural advantages." West v. Vought Aircraft Indus., Inc., 256 S.W.3d 618, 622 (Tenn. 2008). Since we made that observation in 2008, however, the legislature has convened several times without addressing this serious issue.[8] In the absence of a legislative solution, we are unable to stop the running of the race. Having been asked, however, we are required to clarify the rules under which the race is run.

---

[6] "'[D]ivision of workers' compensation' means the division of workers' compensation of the department of labor and workforce development." Tenn. Code Ann. § 50-6-102(9) (2008).

[7] "'Commissioner' means the commissioner of labor and workforce development." Tenn. Code Ann. § 50-6-102(6).

[8] The legislature has recently amended this section by replacing "resides" with "resided at the time of the alleged injury." Act of May 1, 2012, ch. 1030, sec. 1, § 50-6-225(a)(2)(A), 2012 Tenn. Pub. Acts ___, ___. However, this amendment will not end the running of the race because the statute continues to authorize the filing of a complaint either in the county where the employee resided at the time of the alleged injury or in the county in which the injury occurred.

In <u>West</u>, we observed that Tennessee Code Annotated section 50-6-225(a)(2)(A) "provides a definitive moment when a complaint can be filed—the moment the benefit review conference is concluded without a settlement," but we did not pinpoint at what moment the benefit review conference is deemed concluded. 256 S.W.3d at 622. Although the statute itself does not provide an exact time at which the benefit review conference is deemed to be exhausted, the regulations governing the benefit review process do provide this detail:

> (1) The Benefit Review Conference Process shall be deemed exhausted only upon occurrence of any of the following:
>
> . . . .
>
> (c) Issuance of an impasse report signed and dated by a Workers' Compensation Specialist.
>
> . . . .
>
> (2) When a Benefit Review Report is issued, such Report shall specify whether the Benefit Review Process is exhausted. The date and time noted on the Report issued by a Workers' Compensation Specialist shall determine when the Benefit Review Process is exhausted.

Tenn. Comp. R. & Reg. 0800-2-5-.09 (2008). Because the legislature authorized the division of workers' compensation to create a benefit review conference process, Tenn. Code Ann. § 50-6-233(a)(3), (c)(2) (2008), this regulation has the force and effect of law. See <u>Swift v. Campbell</u>, 159 S.W.3d 565, 571-72 (Tenn. Ct. App. 2004).

Employee emphasizes the language of subdivision (c)(1)—"Issuance of an impasse report"—to suggest that the Benefit Review Process is concluded upon the "issuance" of the report. We agree with this proposition but do not agree with Employee's implicit assumption that this "issuance" occurs when the benefit review specialist provides copies of the report to the attorneys. Although this would be a plausible definition of "issuance," the regulation clearly contemplates a different moment in time: "The date and *time noted on the Report* issued by a Workers' Compensation Specialist shall determine when the Benefit Review Process is exhausted." Tenn. Comp. R. & Reg. 0800-2-5-.09(2) (emphasis added).[9] Employee urges us to go behind the face of the documents to determine when the Report was

---

[9] "Exhaustion of the Benefit Review Process" is circularly defined as "completion of the statutorily-mandated Benefit Review Process as provided in Rule 0800-2-5-.09." Tenn. Comp. R. & Reg. 0800-2-5-.01.

actually issued and the complaint was actually filed, but because the regulations *define* exhaustion as the time noted on the Report, we must decline to do so.

Employee also speculates that the clock employed by the benefit review specialist may not be synchronized with that of the Wilson County Chancery Court Clerk & Master. The complaint clearly bears a time stamp of 10:22 a.m. Employee asserts that the clock employed by the Wilson County Chancery Court Clerk & Master could be two minutes off; that is, the complaint may actually have been filed upon exhaustion of the Benefit Review Conference—at 10:24 a.m. CST—yet *appear* early due to an inaccurate time stamp. We agree that this is possible, even probable, and we have no reason to doubt the veracity of Mr. Williams and Ms. Perrigo, who averred, in effect, that Ms. Perrigo waited to file the complaint until Mr. Williams had received the Report from Ms. Wall. The issue is not whether the complaint was filed before Mr. Williams had been physically handed the Report; the issue is whether the complaint was filed before the "time noted on the Report issued by the Workers' Compensation Specialist."

We have held that court records may not be impeached by extrinsic evidence absent fraud, inevitable accident, or surprise. Bank of Tenn. v. Patterson, 27 Tenn. 363 (1847). We have applied this rule to settlements, Hedges-Walsh-Weidner Co. v. Haley, 55 S.W.2d 775 (Tenn. 1933), judgments, Carrick v. Armstrong, 42 Tenn. 265 (1865); Williams v. Tenpenny, 30 Tenn. 176 (1850), search warrants, Larkins v. State, 376 S.W.2d 459 (Tenn. 1964); Harvey v. State, 60 S.W.2d 420 (Tenn. 1933); Reed v. State, 39 S.W.2d 749 (Tenn. 1931), and affidavits, Jas. N. Watt & Co. v. Carnes, 51 Tenn. 532 (1871).

In Carnes, for example, plaintiff sued defendant for damages allegedly due to defendant's dog causing plaintiff's wife to fall from her horse. Plaintiff applied for an attachment from the circuit court clerk, the attachment issued against defendant's land, and plaintiff won at trial. Defendant moved to quash the attachment, and the clerk testified that plaintiff signed the affidavit only after the attachment had issued. We affirmed the circuit court's quashing of the attachment, but we did not approve of this improper proof:

> The affidavit is the foundation of the proceeding by attachment, and becomes part of the record. Being a record of the court, it was not competent to hear proof to contradict the date at which it purported to be sworn to, or to show that it was sworn to on a different day.

Carnes, 51 Tenn. at 534 (citations omitted).

Employee relies on Special Workers' Compensation Appeals Panel decisions for the proposition that courts should go behind the face of a benefit review report or the time stamp

on a complaint to decide the order in which the documents were issued or filed.  See Parris Roofing & Sheet Co. v. Spurling, No. E2010-01530-WC-R3-WC, 2011 WL 2739516 (Tenn. Workers' Comp. Panel July 13, 2011); S. Cellulose Prods., Inc. v. Defriese, No. E2008-00184-WC-R3-WC, 2009 WL 152313 (Tenn. Workers' Comp. Panel Jan. 22, 2009). Employee's reliance is misplaced, however, because these cases are distinguishable.

In Spurling, the benefit review conference concluded at 1:55 p.m. on April 29, 2010. The employer filed its cause of action in McMinn County Chancery Court at 3:53 p.m. the same day.  The employee filed suit in Polk County Circuit Court, also on April 29, 2010, but the clerk neglected to record the time.  The panel in Spurling considered extrinsic evidence tending to show that the employee filed prior to 3:05 p.m., making it the earlier filed suit. Citing West, 256 S.W.3d at 624, the Spurling panel recognized that clerks are equally accessible to both parties and have a duty to endorse upon each pleading the time and date of its filing, Tenn. R. Civ. P. 5.06.[10]  "While these observations support the conclusion that it is appropriate to rely on the records of the clerk in determining when a suit was filed, they do not preclude the consideration of other evidence where, as in the instant matter, the records of the clerk are deficient . . . ."  Spurling, 2011 WL 2739516, at *2.

A somewhat different problem arose in Defriese, in which the benefit review conference concluded at 9:59:25 a.m. and the employer filed a lawsuit in Hamilton County Circuit Court at 9:59 a.m.  The employee filed a complaint in the Hamilton County Chancery Court approximately thirty minutes later and moved to dismiss the earlier suit as premature. The Defriese panel noted that it was "not apparent from the face of the documents which was filed earlier."  2009 WL 152313, at *7.  Finding the record inadequate, the panel remanded for the trial court to determine subject matter jurisdiction.  Id.

In both Spurling and Defriese, the documents were insufficient on their face to determine subject matter jurisdiction, and both panels proceeded to consider the extrinsic evidence included in the record.  In this appeal, each document is complete and unambiguous on its face—the complaint carries a time stamp of 10:22 a.m. on October 20, 2011; the Benefit Review Conference Report was issued at 10:24 a.m.  Unlike Spurling and Defriese, no ambiguity exists from an absent or imprecise time stamp.

Thus, though we understand completely the arbitrary results that may occur in some fact situations, we continue to believe that the legislature, not the courts, must resolve the issue of nonsynchronous clocks.  Until the General Assembly acts, we believe that the race to the courthouse is best regulated by a bright line rule: when subject matter jurisdiction over

---

[10] The Rule states, in relevant part: "The clerk shall endorse upon every pleading and other papers filed with the clerk in an action the date and hour of the filing."  Tenn. R. Civ. P. 5.06.

a workers' compensation case is premised upon the issuance of a Benefit Review Report, trial court jurisdiction does not attach until the time noted on the Report.

## Conclusion

When a trial court's subject matter jurisdiction over a workers' compensation case, pursuant to Tennessee Code Annotated section 50-6-225(a)(2)(A), is premised on the issuance of a Benefit Review Report, as specified by Benefit Review Process Rule 0800-2-5-.09(1), a complaint may not be filed until the time noted on the Report. Moreover, we hold that when a complaint bears an unambiguous time stamp, it shall be deemed filed at the time indicated, and the time stamp may not be impeached by extrinsic evidence. Therefore, we reverse the trial court and dismiss this lawsuit for lack of subject matter jurisdiction. Costs of this appeal are taxed to Mr. Word, for which execution may issue, if necessary.


_____
CORNELIA A. CLARK, CHIEF JUSTICE

9