# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 13, 2013 Session

## ROBB THOMPSON v. BRIAN W. GROVES

**An Appeal from the Chancery Court for Shelby County**
**No. CH-12-0770     Kenny W. Armstrong, Chancellor**

_____

**No. W2012-01764-COA-R3-CV - Filed September 26, 2013**

_____

This is a collateral attack on an order entered by a general sessions court. The plaintiff tenant leased residential property from the defendant landowner. The tenant fell behind in his rent, so the landowner filed a forcible entry and detainer action in general sessions court against the tenant and obtained a judgment for the past-due rent. The tenant did not appeal that judgment. Months later, the tenant filed the instant lawsuit in chancery court to set aside the general sessions court judgment. The tenant alleged in the chancery court complaint that the general sessions court did not have subject matter jurisdiction to adjudicate the FED action because the landowner did not give the tenant a statutorily-required notice of termination of the lease. The chancery court below agreed with the tenant and set aside the general sessions judgment as void for lack of subject matter jurisdiction. The landowner now appeals. We reverse the decision of the chancery court and remand with directions to dismiss the tenant's lawsuit in its entirety.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Joseph D. Barton, Millington, Tennessee, for the Defendant/Appellant, Brian W. Groves

Gary E. Veazey, Memphis, Tennessee, for the Plaintiff/Appellee, Robb Thompson

# OPINION

## FACTS AND PROCEEDINGS BELOW

In November 2010, Plaintiff/Appellee Robb Thompson ("Tenant") entered into a lease agreement with Defendant/Appellant Brian W. Groves ("Owner") to lease residential property. The initial term of the lease was 12 months, expiring in November 2011. Under the lease agreement, at the end of the initial 12-month, term, the lease converted to a month-to-month tenancy.

After several months, Tenant fell behind in his rent. In October 2011, Owner filed a forcible entry and detainer ("FED") warrant against Tenant in the Shelby County General Sessions Court. In the FED warrant, Owner sought $6,700 in back rent plus future accrued rent, damages, and attorney fees.

Owner did not give Tenant written notice that he planned to terminate Tenant's lease before Owner filed the FED action in the General Sessions Court. Tennessee's Uniform Residential Landlord and Tenant Act addresses such notice in Tennessee Code Annotated § 66-28-512, entitled "Termination of periodic tenancy — Holdover remedies." That statute provides:

> (a) The landlord or the tenant may terminate a week-to-week tenancy by a written notice given to the other at least ten (10) days prior to the termination date specified in the notice.
>
> (b) The landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty (30) days prior to the periodic rental date specified in the notice.
>
> (c) If a tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession, back rent and reasonable attorney's fees as well as any other damages provided for in the lease. If the tenant's holdover is willful and not in good faith, the landlord, in addition, may also recover actual damages sustained by the landlord, plus reasonable attorney's fees. If the landlord consents to the tenant's continued occupancy, § 66-28-201(c) shall apply.

Tenn. Code Ann. § 66-28-512 (Supp. 2012).

According to Owner, the General Sessions case was reset for a hearing at a later date to give the parties time to try to settle the matter and also in recognition that Owner had not given Tenant 30 days' notice that he would be terminating the lease pursuant to Section 66-28-512(b). On December 1, 2011, while the FED action was pending, Owner gave Tenant written notice of his intent to terminate the lease. It is undisputed that the December 1, 2011 written notice was the first written notice of termination given to Tenant.

In January 2012, the General Sessions Court conducted a hearing.[1] On January 9, 2012, the General Sessions Court rendered a judgment in favor of Owner against Tenant in the amount of $9,933. Tenant did not appeal the General Sessions Court judgment.

Subsequently, Owner took action to execute on his judgment against Tenant. After he did so, the parties allegedly entered into a post-judgment settlement agreement in which Owner agreed to cease his collection efforts if Tenant gave Owner his vehicle in satisfaction of Tenant's debt. Later, however, the parties disputed the settlement.

On May 7, 2012, Tenant filed the instant lawsuit in the Chancery Court below. The complaint was a collateral attack on the validity of the January 9, 2012 General Sessions Court judgment. In the complaint, Tenant asked the Chancery Court to set aside the General Sessions Court judgment based on the argument that the General Sessions Court did not have subject matter jurisdiction over the FED action. Tenant claimed that the General Sessions Court lacked subject matter jurisdiction over the FED action because Owner did not provide Tenant with written notice that he would be terminating the lease prior to the filing of the FED action. Tenant alleged:

> 8. Pursuant to T.C.A. § 66-28-512(c), notice is required by [Owner] to [Tenant] upon default, and told to vacate the premise [sic]. Without such notice, the General Sessions Court had no subject matter jurisdiction.

> 9. Prior to any notice being given to Plaintiff by Defendant, a General Sessions forcible entry and detainer action was filed . . . . Plaintiff asserts such complaint is void as a result of subject matter jurisdiction of the General Sessions Court, and therefore such judgment is a void judgment and should be set aside as a nullity.

---

[1] Owner claims that Tenant did not appear before the General Sessions Court, and that the judgment rendered was a default judgment. This assertion cannot be confirmed from the appellate record in this cause. Regardless, it is not relevant to our analysis.

Tenant asked the Chancery Court to declare the General Sessions Court judgment void and to set it aside, and he also asked that Owner be required to return Tenant's vehicle that allegedly was wrongfully obtained by Owner pursuant to the allegedly void General Sessions judgment. Tenant also sought an award of attorney fees and costs.

Owner admitted in his answer that the General Sessions FED action was filed before he gave notice to Tenant that he would be terminating the lease. He denied, however, that Owner's failure to give pre-suit notice of termination of the lease deprived the General Sessions Court of jurisdiction over the case.

On May 31, 2012, the Chancery Court entered an order temporarily enjoining Owner from "attempting to execute on the assets of [Tenant] or collecting a money judgment as rendered against [Tenant]" in the General Sessions Court order.

On June 6, 2012, Owner filed a "Motion to Dismiss or to Enforce Settlement." Owner insisted in his motion that the General Sessions Court did indeed have subject matter jurisdiction over the FED action pursuant to Tennessee Code Annotated § 66-28-105. Owner argued that Tenant could have asserted lack of notice as an affirmative defense, but lack of notice did not impact the power of the General Sessions Court to preside over the matter. Owner also asked the Chancery Court to order Tenant "to honor this last settlement agreement."[2] In support of his motion, Owner submitted his own affidavit, a copy of the alleged settlement agreement, and the December 1, 2011 written notice of termination of the lease.

On July 13, 2012, the Chancery Court conducted a hearing on Owner's motion to dismiss.[3] On July 20, 2012, the Chancery Court entered an order denying Owner's motion to dismiss. The order said only that Owner's motion "is not well founded and thereby denied." In the same order, the Chancery Court granted Tenant the relief requested in his complaint. The Chancery Court set aside the General Sessions Court judgment on the basis that "the failure of [Owner] to provide a 30 day written notice prior to the filing of the forcible entry and detainer warrant in the General Sessions Court deprive[d] the General Sessions Court of subject matter jurisdiction in such court." In support of its decision, the Chancery Court cited *Frost v. Shehane*, No. M2008-01480-COA-R3-CV, 2009 WL 1939820 (Tenn. Ct. App. July 6, 2009). The Chancery Court held that the General Sessions Court judgment was "a

_____

[2]Owner did not file a separate counterclaim to enforce the parties' settlement agreement, but instead pled in the alternative, asking the Chancery Court to either dismiss Tenant's complaint or enforce the parties' settlement agreement.

[3]The appellate record does not include a transcript of that hearing.

-4-

nullity." It stated that the award of affirmative relief to Tenant after the hearing on Owner's motion to dismiss was based on Tenant's complaint and the documents attached to the complaint.[4] Finally, the Circuit Court assessed costs against Owner. Owner now appeals.[5]

## ISSUE ON APPEAL AND STANDARD OF REVIEW

On appeal, Owner argues that the Chancery Court erred as a matter of law in concluding that the General Sessions Court lacked subject matter jurisdiction to render the January 9, 2012 judgment in his favor. "Whether a court has subject matter jurisdiction over a case is a question of law that we review *de novo* with no presumption of correctness." *Morgan Keegan & Co., Inc. v. Smythe*, 401 S.W.3d 595, 602 (Tenn. 2013) (citing *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000))).

## ANALYSIS

Owner argues that the Chancery Court erred in setting aside the General Sessions Court judgment for lack of subject matter jurisdiction. Owner contends that Tennessee's Landlord and Tenant Act clearly bestows subject matter jurisdiction over FED actions on the general sessions courts: "The general sessions and circuit courts of this state shall exercise original jurisdiction over any landlord or tenant with respect to any conduct in this state governed by this chapter." Tenn. Code Ann. § 66-28-105(a) (2004). In holding that Owner's failure to give notice of termination deprived the General Sessions Court of jurisdiction over Owner's FED action, Owner contends, the Chancery Court "failed to differentiate between subject-

---

[4]The record indicates that the Chancery Court hearing was on Owner's motion to dismiss Tenant's complaint. The Chancery Court's order did not explain the procedural mechanism for awarding affirmative relief to Tenant in the absence of any motion for summary judgment or other motion by Tenant for affirmative relief without a trial on the merits.

[5]On February 6, 2013, the Chancery Court entered a consent order that purported to amend its prior order *nunc pro tunc* to June 15, 2012, to resolve any ancillary issues and make the matter final and appealable. After that, on April 12, 2013, the Chancery Court entered an "Order of Final Judgment" that made its prior orders final pursuant to Tennessee Rule of Civil Procedure 54.02. The Chancery Court noted in its April 12 order that its prior orders did not adjudicate any monetary amounts the parties owed to one another, if any. The Chancery Court observed that Owner did not file a countercomplaint against Tenant; it stated that the Chancery Court "decline[d] to address" any amount Tenant owed to Owner and said that issue remained to be determined "in a separate proceeding." The Chancery Court then went on to say that "any claims that are not adjudicated are hereby dismissed with no prejudice to either party." For purposes of this appeal, we view the order declaring the General Sessions judgment a nullity to be final and appealable, and we are not required on appeal to interpret any further effects of the trial court's orders or decipher the status of any other claims by either party.

matter jurisdiction and potential affirmative defenses available to be pled by [Tenant]" in the FED action. Owner argues that the Chancery Court's reliance on *Frost* is misplaced, because that case does not address whether the 30-day notice under Section 66-28-512(b) is mandatory or whether it affects subject matter jurisdiction.[6]

In response, Tenant claims that the Chancery Court correctly concluded that the General Sessions Court lacked subject matter jurisdiction over the FED action based on Owner's "failure to follow the statutorily defined method of enforcement," *i.e.* failure to provide pre-suit notice of the termination of the lease under the Landlord and Tenant Act.[7] He makes the sweeping assertion that, because the FED action was initiated before Owner gave Tenant written notice, "the entire lawsuit is defective and therefore deprived the General Sessions Court of its subject matter jurisdiction by failure to follow the clear and concise statutory law of the State of Tennessee." Tenant cites only the language of the Landlord and Tenant Act, and cites no other authority to support this position.

Tenant has pointed to no language in the Landlord and Tenant Act indicating that the notice provisions in the Act affect the jurisdiction of the General Sessions Court to adjudicate an FED warrant, and we have found none. To the contrary, Section 66-28-105(a) of the Landlord and Tenant Act specifically gives the general sessions and circuit courts jurisdiction over such FED actions. The notice provision in the Landlord and Tenant Act requires either the landlord or the tenant to provide 30 days' notice before terminating a month-to-month lease. The notice provision is intended to protect the rights of the parties under the lease; it does not implicate the authority of the General Sessions Court to hear the matter.

In holding that the General Sessions Court lacked jurisdiction over Owner's FED action, the Chancery Court cited the case of *Frost v. Shehane*. After reviewing *Frost,* we must respectfully conclude that it is inapposite in this appeal. As in the instant case, the landlords in *Frost* did not give the tenants the statutory notice. The appellate court in *Frost* held that Section 66-28-512 requires the landlord "to deliver written notification . . . of . . . noncompliance with the Lease in order to start the 30 day time period, after which [the landlord] could terminate the Lease and seek damages." *Frost*, 2009 WL 1939820, at *3. Nothing in the appellate court's analysis indicated that the landlords' failure to give notice affected the lower court's jurisdiction to adjudicate the landlords' FED action; rather, the

_____

[6] It is unnecessary in this appeal for us to address whether Tenn. Code Ann. § 66-28-512 is applicable to the facts of this case.

[7] It appears that Tenant now relies on Section 66-28-505 in addition to Section 66-28-512 in arguing that failure to give pre-suit notice of termination of the lease deprives the General Sessions Court of subject matter jurisdiction over the FED claim. Our analysis regarding the effect of notice under Section 66-28-512 on subject matter jurisdiction would also apply to notice required under Section 66-28-505.

appellate court held only that the lack of notice affected the relief available to the landlords. Thus, *Frost* supports Owner's argument that the failure to give notice under the Landlord and Tenant Act is a defense to be asserted by the party who was not notified. Lack of proper notice does not deprive a general sessions court of jurisdiction to adjudicate the rights and liabilities of the parties to the FED action, including the effect of a defense such as failure to give notice. Therefore, there is no basis for Tenant's collateral attack on the January 9, 2012 order of the General Sessions Court, and we must respectfully hold that the Chancery court erred in denying Owner's motion to dismiss Tenant's complaint and in granting the relief sought by Tenant.

Accordingly, we reverse the Chancery Court's order denying Owner's motion to dismiss and holding that the January 9, 2012 General Sessions judgment is a nullity, and remand with directions to dismiss Tenant's lawsuit *in toto*. Our decision pretermits any other issues raised on appeal not specifically addressed herein.[8]

## CONCLUSION

The decision of the Chancery Court is reversed and the case is remanded with directions to dismiss the case in its entirety. Costs on appeal are to be taxed to the Appellee Robb Thompson, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[8] As we have indicated in note 5 *supra*, the trial court entered a consent order on February 6, 2013 addressing ancillary issues. We need not address the propriety of that order. We note, however, that all of the relief sought by Tenant in his Chancery Court complaint is premised on his assertion that the General Sessions judgment is void, an assertion now held to be without merit.