IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 1, 2020

## THOMAS JOHN PITERA v. SAMANTHA PITERA

**Appeal from the Circuit Court for Sullivan County**
**No. C42683C          E. G. Moody, Chancellor**
———————————————————

**No. E2020-00063-COA-R3-CV**
———————————————————

This appeal arises from a divorce proceeding. Husband is a resident of Connecticut with no ties to Tennessee. Wife and minor child, also former residents of Connecticut, have resided in Tennessee since December of 2018. Wife filed for divorce in Tennessee in May of 2019 and personally served Husband in Connecticut. Husband moved to dismiss the complaint for lack of personal jurisdiction. The trial court thereafter entered a final decree of divorce in favor of Wife. Because we find that Wife was not a resident of Tennessee for six months preceding the filing of the complaint for divorce, the trial court did not have subject matter jurisdiction to grant the divorce. The judgment of the trial court is vacated and dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Thomas John Pitera, Stratford, Connecticut, Pro se.

Nicholas A. Schaefer, Kingsport, Tennessee, for the appellee, Samantha Pitera.

## OPINION

### I. BACKGROUND AND PROCEDURAL HISTORY

Thomas J. Pitera ("Husband") and Samantha Pitera ("Wife") were married in December, 2007 in Fairfield County, Connecticut. Prior to the dissolution of the marriage, the parties adopted a minor child. In December, 2018, the parties agreed that Wife could move to Tennessee with the minor child and that she would have full custody. Wife moved to Tennessee with the minor child in December, 2018.

On May 21, 2019, Wife filed a complaint for divorce in Sullivan County, Tennessee, alleging inappropriate marital conduct and/or irreconcilable differences. Husband was personally served with the complaint in Connecticut. The complaint stated that "Plaintiff and the Defendant have been residents of Tennessee for more than six (6) months preceding the filing of this Complaint and the couple last resided together as husband and wife in Sullivan, County, Tennessee." Husband, in fact, had never lived in or traveled to Tennessee. On May 22, 2019, the trial court entered a Temporary Parenting Plan which provided Husband with no visitation days and, pursuant to state guidelines, the court assessed Husband with a child support obligation of $543.00 per month, payable to Wife.

Husband filed a motion to dismiss Wife's complaint, arguing that the trial court had no personal jurisdiction over Husband and therefore it cannot assess child support obligations against him, nor distribute marital property not located within the state of Tennessee. Husband did not appear before the trial court on the noticed trial date, and his motion was thereafter denied. The trial court entered a final decree of divorce on December 13, 2019 on the grounds of inappropriate marital conduct. That same day, the trial court entered a Permanent Parenting Plan providing for the custody, visitation, and support of the minor child. Husband now appeals the judgment entered by the trial court, arguing that the trial court did not have personal jurisdiction over him.

## II. ISSUES PRESENTED

Husband presents a single issue on appeal for our review:

1. Whether the trial court erred in exercising personal jurisdiction over Husband in granting a final decree of divorce.

## III. DISCUSSION

As a preliminary matter, we must first consider whether it was proper for the trial court to exercise subject matter jurisdiction over the divorce action, even though neither party has raised this issue on appeal. *See Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 424 (Tenn. Ct. App. 2007) ("At the outset, we must address the trial court's subject matter jurisdiction, even though neither party raised the issue."). Subject matter jurisdiction vests a court with authority to adjudicate a particular case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004). "Tennessee's courts derive subject matter jurisdiction from the state constitution or from legislative acts." *Id*. (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Therefore, a court may not exercise subject matter jurisdiction over a matter to which jurisdictional powers "have not been conferred on [it] directly or by necessary implication." *Id*. (citing *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001)). "In the absence of subject matter jurisdiction, a court cannot enter a valid, enforceable order." *McQuade v. McQuade*,

M2010-00069-COA-R3-CV, 2010 WL 4940386, at *4 (Tenn. Ct. App. Nov. 30, 2010) (citing *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)). Subject matter jurisdiction may, as noted above, be raised by this Court *sua sponte*. *Id*. (citing *Shelby Cty. v. City of Memphis*, 365 S.W.2d 291 (Tenn. 1963)). This Court reviews a trial court's exercise of subject matter jurisdiction *de novo* without a presumption of correctness. *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012).

Tennessee Code Annotated, section § 36-4-104(a) states that:

A divorce may be granted for any of the causes referenced in § 36-4-101 if the acts complained of were committed while the plaintiff was a bona fide resident of this state *or if the acts complained of were committed out of this state and the plaintiff resided out of the state at the time, if the plaintiff or the defendant has resided in this state six (6) months next preceding the filing of the complaint.*

Tenn. Code Ann. § 36-4-104(a) (emphasis added). Upon a clear reading of this statute, a party may file for divorce in Tennessee where the acts giving rise to the divorce occurred outside of the state, when the party was a nonresident, provided one party has resided in Tennessee at least six months prior to the filing of the complaint. *See Conley v. Conley*, 181 S.W.3d 692, 696 (Tenn. Ct. App. 2005) ("[§ 36-4-104(a)] makes Tennessee residency by at least one of the parties a *condition precedent* to a court having jurisdiction to grant a divorce.") (emphasis added); *see also Barnett v. Barnett*, No. 01A01-9605-CH-00228, 1998 WL 787043, at *3 (Tenn. Ct. App. Nov. 13, 1998) (citing *Carter v. Carter*, 82 S.W. 309, 309 (1904)). As explained below, it is evident from statements in Wife's own brief that this prerequisite to jurisdiction was not met.

In her brief, Wife states "the Wife and the parties' minor child, with the Husband's explicit consent, left the state of Connecticut on or about December 12, 2018." She further states, citing favorably to the affidavit of Husband that was appended to his motion to dismiss, that "it is clearly established in the Record by the Husband himself that the Wife and the child moved to Tennessee on December 18, 2018, which was approximately six (6) months prior to the commencement of the divorce proceedings."

It matters not that Wife was a resident of Tennessee for "approximately" six months. The statute specifies a six-month period, and here, Wife was not a Tennessee resident for the requisite six-month period prior to filing her complaint for divorce. Wife filed her complaint on May 21, 2019, clearly before the trial court could exercise subject matter jurisdiction over the case. The statute plainly requires that at least one party "reside[] in this state six (6) months next preceding *the filing* of the complaint." Tenn. Code Ann. § 36-4-104(a) (emphasis added). Moreover, in her brief, Wife states "[b]y Husband's own admission, the relevant marital conduct took place in Connecticut." Consequently, it also appears that the acts giving rise to the divorce occurred wholly in Connecticut, prior to

- 3 -

Wife moving to Tennessee. As a result, Wife would need to have met the jurisdictional requirements set forth in § 36-4-104(a) for the trial court to exercise subject matter jurisdiction over the divorce action. Because Wife did not meet the statutory requirement at the time of the filing of her complaint for divorce, the trial court did not have subject matter jurisdiction over the case. Therefore, the trial court's judgment is vacated and the case is dismissed.

## IV. CONCLUSION

Based on the foregoing, we vacate the trial court's judgment for lack of subject matter jurisdiction and dismiss the case.

_____
ARNOLD B. GOLDIN, JUDGE