FILED
Jun 25, 2021
10:25 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Amanda Mosley | ) Docket No.      2019-04-0064 |
| | ) |
| v. | ) State File No.   7907-2019 |
| | ) |
| HG Staffing, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded

---

The employee reported suffering an injury to her right wrist and hand when she twisted her hand in an effort to catch a falling automotive part. She further alleged that repetitive job duties contributed to or aggravated her right wrist condition. The employer denied the claim, asserting the employee's medical condition did not arise primarily out of the employment. Following an earlier expedited hearing, the trial court determined the employee was entitled to temporary partial disability benefits but did not show a likelihood of prevailing on the issue of ongoing medical benefits. That order was not appealed. Thereafter, the employee filed a request for a second expedited hearing and submitted a Standard Form Medical Report (Form C-32) from a physician. The employer objected to the trial court's consideration of the Form C-32, arguing it was deficient in several respects. Following the second expedited hearing, the trial court concluded the employee had come forward with sufficient evidence to indicate a likelihood of prevailing on her claim for additional medical benefits, and the employer has appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Rosalia Fiorello, Nashville, Tennessee, for the employer-appellant, HG Staffing, LLC

Amanda Mosley, Carthage, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

Amanda Mosley ("Employee") was employed by HG Staffing, LLC ("Employer"), a temporary staffing agency, at an automotive parts facility. Employee reported suffering an injury to her right wrist and hand on or about January 10, 2019, when she twisted her hand in an effort to catch a drive shaft that was falling into a metal basket. In her petition for benefits, Employee also alleged that repetitive twisting of her hand and repetitive pushing of buttons contributed to or aggravated her wrist condition. Employee asserted she was reluctant to report the incident and seek workers' compensation benefits because she feared she would lose her job. Soon after reporting her claim, the automotive parts company advised her she was terminated due to "performance" issues, and Employer did not assign her any other temporary positions.[1]

Prior to the first expedited hearing, Employee was evaluated and/or treated by several medical providers, including Dr. Grayson Smith, Dr. James Rubright, Dr. Roy Terry, and Dr. Son Le. Dr. Smith and Dr. Rubright were authorized by Employer; Dr. Terry and Dr. Le were not. In addition, Employer obtained a medical evaluation by Dr. David West. After reviewing all of the proof submitted at the first expedited hearing, the trial court determined Employee was likely to prevail in establishing entitlement to some temporary partial disability benefits, but she had not overcome the presumption of correctness accorded the causation opinion of Dr. Rubright, an authorized, panel-selected physician. It therefore denied her request for additional medical benefits. That order was not appealed.

Thereafter, Employee filed a second request for an expedited hearing and a Standard Form Medical Report (Form C-32) bearing Dr. Terry's signature. The record indicates this Form C-32 was filed February 12, 2021, more than twenty days prior to the date of its intended use in accordance with Tennessee Code Annotated section 50-6-235(c)(2). Employer did not file an objection to Employee's intent to use Dr. Terry's Form C-32 within ten days of the receipt of the Form C-32, as is allowed under Tennessee Code Annotated section 50-6-235(c)(2), but it did object to the sufficiency of the Form C-32 in various respects.

Following an in-person evidentiary hearing, during which Employee was the only witness to testify live, the trial court determined Employee had come forward with sufficient evidence to show she was likely to prevail at trial in establishing an entitlement to additional medical benefits. In making this determination, the court noted Employer's objections to the Form C-32 signed by Dr. Terry but concluded Dr. Terry's causation opinion as stated in that report supported her claim for additional medical benefits.

---

[1] The reason Employee received no other assignments from Employer is in dispute. Employee alleged she contacted Employer after being terminated by the automotive parts facility but was told no other positions were available. Employer's representative testified she was unaware Employee requested another assignment and asserted Employer would have accommodated any restrictions she was assigned.

Moreover, the trial court concluded Dr. Terry's causation opinion as expressed in the Form C-32 overcame the presumption of correctness accorded Dr. Rubright's opinion. Employer has appealed the trial court's order for additional medical benefits.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

On appeal, Employer raises three issues, which we have restated as follows: (1) whether the trial court erred in relying on Dr. Terry's Form C-32 to determine Employee was entitled to additional medical benefits; (2) whether the trial court erred in ordering Employer to authorize Dr. Terry as Employee's treating physician; and (3) whether the trial court inappropriately aided Employee in presenting her testimony and handling evidentiary objections during the expedited hearing.

### *Reliance on Standard Form Medical Report at Expedited Hearing*

There are several statutory and regulatory provisions governing the authentication and admissibility of medical reports in the Court of Workers' Compensation Claims. Tennessee Code Annotated section 50-6-235 provides for the use of written medical reports in certain circumstances. In accordance with that provision, a party may "introduce direct testimony" from a physician through the use of a "form established by

the administrator." Tenn. Code Ann. § 50-6-235(c)(1).[2] To be admissible as the physician's direct testimony, the form must "bear[] an original signature" of the physician or be "accompanied by an originally signed affidavit from the physician or the submitting attorney verifying the contents of the report." *Id.* The form must be accompanied by a "statement of qualifications of the person making the report." *Id.* The party who intends to present the report as evidence "at any stage of a workers' compensation claim" must provide "notice of intent to use the sworn statement . . . not less than twenty (20) days before the date of intended use." Tenn. Code Ann. §50-6-235(c)(2). The opposing party can object to the use of the form "within ten (10) days of the receipt of the notice." *Id.* In such circumstances, the opposing party "shall depose the physician within a reasonable time or the objection shall be deemed to be waived." *Id.*

There are also rules pertinent to the authentication and admissibility of medical records. In the Court of Workers' Compensation Claims, medical records are "self-authenticating and admissible when signed by a physician or accompanied by a form signed by a medical provider or records custodian certifying that the records are true and accurate." Tenn. Comp. R. & Regs. 0800-02-21-.16(2)(b). A trial court can exclude such evidence for reasons other than authenticity if a proper objection is made pursuant to the Tennessee Rules of Evidence. *Id.* A party intending to present medical records as evidence must file such records with the court clerk "no later than ten (10) business days before the hearing." Tenn. Comp. R. & Regs. 0800-02-21-.16(2)(a).

With respect to expedited hearings, the rules provide that "[l]etters or written statements addressing medical causation signed by a physician are admissible at an expedited hearing and need not be in affidavit form." Tenn. Comp. R. & Regs. 0800-02-21-.15(2). At a compensation hearing, however, such signed statements "may be excluded through valid objection under the Tennessee Rules of Evidence." *Id.* Furthermore, "[t]his rule has no effect on the admissibility of a standard form medical report for industrial injuries (Form C-32) when properly presented at any hearing." *Id.*

In the present case, we must interpret and apply the provisions of Tennessee Code Annotated section 50-6-235(c) in conjunction with applicable rules, which have the force and effect of law. *See, e.g., Word v. Metro Air Servs.*, 377 S.W.3d 671, 676 (Tenn. 2012). The question is whether a Form C-32 that is deficient in certain respects under Tennessee Code Annotated section 50-6-235 can still be considered a signed medical record that is "self-authenticating and admissible" under the rules governing the Court of Workers' Compensation Claims. *See* Tenn. Comp. R. & Regs. 0800-2-21-.16(2)(b). A corollary question is whether, even if the Form C-32 is statutorily deficient, a causation

---

[2] Pursuant to this statutory authority, the Administrator of the Bureau of Workers' Compensation adopted the Standard Form Medical Report for Industrial Injuries (Form C-32). Tenn. Comp. R. & Regs. 0800-02-01-.09.

statement contained within that form qualifies as a "written statement[] addressing medical causation signed by a physician," which is admissible at an expedited hearing. *See* Tenn. Comp. R. & Regs. 0800-02-21-.15(2).

We conclude the applicable rules are not in conflict with Tennessee Code Annotated section 50-6-235(c). In circumstances where a party intends to present a physician's direct testimony via a Form C-32, the requirements of section 50-6-235(c) must be met, including the signature requirement and the accompanying statement of qualifications. The opposing party can choose to acquiesce in the use of the Form C-32 in lieu of a deposition, or it can timely object and depose the physician. In the present case, although Employer did not file a timely objection to the intended use of the Form C-32 as allowed by Tennessee Code Annotated section 50-6-235(c)(1), it did object to admissibility of the report due to certain purported deficiencies, including the lack of an original signature, the lack of an accompanying statement of the physician's qualifications, and the physician's failure to complete certain parts of the form.

With respect to the lack of an original signature, although the Form C-32 in its current form would not be admissible at a compensation hearing as the physician's direct testimony, that does not preclude the trial court from considering it a signed medical record in accordance with rule 0800-02-21-.16(2)(b), which establishes its authenticity and admissibility. Importantly, Employer did not object to the information or opinions contained in the Form C-32 based on any particular rule of evidence but objected to the lack of an original signature and a statement of qualifications as required by the statute. Moreover, section 50-6-235 does not preclude a trial court from considering a causation statement contained in a signed Form C-32 at an expedited hearing pursuant to rule 0800-02-21-.15(2).

Finally, section 50-6-235(c) does not require the physician to respond to every question included on the Form C-32. Hence, Employer's argument that "the Trial Court explained away the blanks on the C-32" is not persuasive. A trial court can review signed medical records and signed causation statements in accordance with applicable rules. It can then weigh the proof in the same manner it weighs all other proof and consider the persuasiveness of that evidence when weighed against countervailing evidence. That is what the trial court did in this case. Thus, we conclude the trial court did not err in considering Dr. Terry's medical causation statement as reflected in the signed Form C-32 at the expedited hearing.

### Court's Appointment of Authorized Physician

Employer next asserts the trial court erred in designating Dr. Terry as Employee's authorized treating physician. In its expedited hearing order, the trial court cited our decision in *Hackney v. Integrity Staffing Solutions*, No. 2016-01-0091, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (Tenn. Workers' Comp. App. Bd. July 22, 2016), and

5

noted that "whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case." Furthermore, in *Young v. Young Elec. Co.*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *18 (Tenn. Workers' Comp. App. Bd. May 25, 2016), we concluded the employee was entitled to continue treating with his unauthorized physician, explaining that "[a]n employer who denie[d] liability for a compensable injury is in no position to insist upon the statutory provisions respecting the choosing of physicians."

In its brief on appeal, Employer did not present any legal arguments concerning this issue. The only reference to this issue in Employer's brief was its assertion that, "because the Court inappropriately allowed the submission of the C-32 report into evidence, the Court's order regarding medical benefits and the appointment of Dr. Terry as the authorized physician should be overturned." In short, Employer offered no substantive argument as to how the trial court allegedly erred in designating Dr. Terry as Employee's authorized physician moving forward. Accordingly, we conclude the Employer has not shown the trial court erred in designating Dr. Terry as the authorized treating physician.

*Assistance to Self-Represented Litigant*

Finally, Employer asserts the trial court erred by inappropriately aiding the self-represented Employee during the course of the expedited hearing. Specifically, Employer cites excerpts from the transcript in which the trial court: (1) asked Employee questions during her presentation of direct evidence; (2) overruled Employer's hearsay objection by identifying what it concluded was the appropriate exception to the hearsay rule on behalf of Employee; (3) implied Employer was inappropriately using its status as a temporary staffing agency to avoid certain exceptions to the hearsay rule; and (4) instructed Employee on how to answer questions to avoid hearsay objections. Employer further argues the court instructed Employee on how to lay a foundation for the admission of certain evidence and, during Employer's cross-examination of Employee, the court objected to the substance of a question on Employee's behalf.

The Tennessee Supreme Court has observed that "trial judges should always use restraint and not interject themselves into a role in a trial which may be perceived as that of an advocate rather than an impartial arbiter." *State v. Riels*, 216 S.W.3d 737, 747 (Tenn. 2007). Similarly, "[i]t is fundamental that trial judges are not advocates and cannot offer legal advice to a party in a case being adjudicated before them." *Wright v. Cookeville Reg'l Med. Ctr.*, No. 2015-04-0181, 2017 TN Wrk. Comp. App. Bd. LEXIS 19, at *11 (Tenn. Workers' Comp. App. Bd. Mar. 8, 2017). The reason for this rule is self-evident: an impartial judge is "indispensable to our system of justice." Tenn. Sup. Ct. R. 10, Preamble, Code of Judicial Conduct; *see also Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. App. 1998) ("[l]itigants . . . are entitled to the cold neutrality of an impartial court"). Indeed, judges are legally and ethically required to "uphold and

6

promote the independence, integrity, and *impartiality*" of the court system. Tenn. Sup. Ct. R. 10, Canon 1 (emphasis added). "Judges risk creating a perception they are not neutral when they take it upon themselves to conduct the direct examination of a witness and assist a party in satisfying the elements of a prima facie case or meeting his or her burden of proof." *Jones v. Dollar General*, No. 2017-07-0074, 2017 TN Wrk. Comp. App. Bd. LEXIS 56, at *8 (Tenn. Workers' Comp. App. Bd. Sept. 22, 2017).

On the other hand, Tennessee's appellate courts have acknowledged and commented on the difficulties often encountered by self-represented litigants:

> Self-represented litigants are entitled to fair and equal treatment by the courts. In Tennessee, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training. Thus, courts are expected to take into account that many self-represented litigants have no legal training and are unfamiliar with judicial procedures.

*Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 Tenn. App. LEXIS 48, at *8-9 (Tenn. Ct. App. Jan. 29, 2008) (internal citations omitted).

In *Douglas v. Ledic Realty Serv.*, No. W2012-00345-SC-WCM-WC, 2012 Tenn. LEXIS 964 (Tenn. Workers' Comp. Panel Feb. 13, 2013), the Supreme Court's Special Workers' Compensation Appeals Panel addressed a case involving a self-represented plaintiff. Although it affirmed the trial court's decision to dismiss the case, the Appeals Panel explained:

> [T]rial courts should be understanding of the difficulties encountered by a litigant with no experience or formal training . . . . It is appropriate . . . for the trial court to provide self-represented parties some latitude to ensure that the trial continues on a level playing field. Throughout the trial of this case, the trial court provided considerable latitude to [the employee], permitting testimony and evidence to be introduced over the many objections made by opposing counsel.

*Id.* at *10. Our review of applicable precedent leads us to conclude that trial courts have the difficult task of balancing the need to extend some degree of "latitude" to a self-represented litigant to ensure a "level playing field" with the need to remain impartial and not act as an advocate for a self-represented party.

In the present case, we conclude the manner in which the trial court conducted the expedited hearing, even if error, was harmless under the circumstances presented. A trial judge can ask questions of a witness to clarify testimony but must be cautious about asking questions that elicit testimony. *See, e.g.*, *Cook v. State*, 606 S.W.3d 247, 256

(Tenn. 2020); *Jones*, 2017 TN Wrk. Comp. App. Bd. LEXIS 56, at *8. In addition, a trial judge must be careful in explaining what an evidentiary objection means without suggesting how a self-represented litigant should testify. *See Riels*, 216 S.W.3d at 747. Finally, a trial judge's objecting to a question on behalf of a self-represented litigant during that litigant's cross examination by opposing counsel could be perceived as advocacy for that self-represented litigant. *Id.*

The primary issue in this hearing was whether Employee presented sufficient evidence of medical causation to show a likelihood of prevailing at trial on the issue of entitlement to medical benefits. Dr. Terry's medical causation opinion as stated in the Form C-32 and the admissibility of that document were not in any way impacted by the manner in which the trial court conducted the expedited hearing. The trial court's actions in conducting the hearing did not alter the nature or degree of the proof Employee presented as to the issue of medical causation.

## Conclusion

We conclude the medical causation opinion expressed by Dr. Terry in the Form C-32 was admissible for purposes of the expedited hearing pursuant to Rule 0800-02-21-.15(2), and the preponderance of the evidence supports the trial court's determination that Dr. Terry's causation opinion rebutted the statutory presumption of correctness accorded Dr. Rubright's opinions. Further, we conclude the trial court did not err in designating Dr. Terry as the authorized physician moving forward. Finally, we conclude the manner in which the trial court conducted the expedited hearing did not materially alter the nature or degree of the medical proof presented and, even if error, was harmless. We affirm the trial court's expedited hearing order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Amanda Mosley | ) | Docket No. 2019-04-0064 |
| | ) | |
| v. | ) | State File No. 7907-2019 |
| | ) | |
| HG Staffing, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of June, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Amanda Mosley | | | | X | leostitch2019@gmail.com ajmosl78@gmail.com |
| Rosalia Fiorello | | | | X | rfiorello@wimberlylawson.com sbrown@wimberlylawson.com |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood signature*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov