**IN THE SUPREME COURT OF TENNESSEE**
**AT JACKSON**

FILED

**August 30, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

SCHERING-PLOUGH HEALTHCARE )
PRODUCTS, INC. )
                           )
        Plaintiff/Appellee, )
                           )
v. )
                           )
STATE BOARD OF EQUALIZATION, )
                           )
                           )
        Defendant/Appellant. )
                           )

**FOR PUBLICATION**

**Filed: August 30, 1999**

Shelby Chancery

Hon. Floyd Peete,
Chancellor

Appeal No.
02S01-9810-CH-00096

**Defendant/Appellant:**
John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Michael W. Catalano
Associate Solicitor General
Nashville, Tennessee

**Plaintiff/Appellee**
Fred M. Ridolphi, Jr.
Humphreys, Dunlap, Wellford,
Acuff & Stanton, P.C.
Memphis, Tennessee

**Amicus Curiae Shelby County and Shelby County Assessor**
Donnie E. Wilson
Shelby County Attorney
Robert B. Rolwing
Assistant County Attorney

# O P I N I O N

AFFIRMED.                                               DROWOTA, J.

This case presents for review the decision of the Court of Appeals which reversed the Chancery Court's dismissal of the petition of Schering-Plough Healthcare Products, Inc. ("Schering-Plough") which sought judicial review of a decision of the State Board of Equalization ("Board"). The Chancery Court dismissed the petition after concluding that it lacked subject matter jurisdiction over the action because Schering-Plough had failed to name Shelby County as a party in the petition and had failed to serve Shelby County with a copy of the petition within sixty days of the final decision of the Board. The Court of Appeals reversed the dismissal and held that Tenn. Code Ann. § 4-5-322(b) (1998 Repl.) does not require that all parties to the contested case be named in the petition for review or that copies of the petition be served upon all parties to the contested case within the sixty-day time limitation. We agree and now affirm the decision of the Court of Appeals.

## BACKGROUND

The facts relevant to the legal question in this appeal are undisputed.[1] Schering-Plough owns property located in Shelby County. The Shelby County Board of Equalization prepared a tax assessment of the property. On September 1, 1994, Schering-Plough appealed the assessment. On October 18, 1994, following a hearing, the administrative law judge issued an initial decision and order affirming the assessment. See Tenn. Code Ann. § 67-5-1505 (1998 Repl.). Schering-Plough appealed this decision to the Assessment Appeals Commission ("Commission"), which issued its final decision affirming the assessment on April 10, 1995. See Tenn.

_____

[1]We do not include a summary of the facts relating to the assessment of Schering-Plough's property since the appropriateness of the assessment is not an issue in this appeal.

Code Ann. § 67-5-1506 (1998 Repl.). The Board declined to review the Commission's decision on May 25, 1995 and thereby rendered the action of the Commission final. See Tenn. Code Ann. § 67-5-1502(j)(1) (1998 Repl.). It is undisputed that Shelby County through its Assessor's office participated as a party in the contested case before the administrative law judge and the Commission.

On July 21, 1995, within sixty days of the agency's final decision, Schering-Plough filed in the Shelby County Chancery Court a "Petition for Review of the Action of the State Board of Equalization." On September 25, 1995, the Board moved to dismiss the action because Schering-Plough had not named Shelby County as a party in the petition and because Schering-Plough had not served a copy of the petition upon Shelby County within sixty days of the agency's final order.

Two days later, on September 27, 1995, Schering-Plough moved to amend its petition to add as party defendants Shelby County, the Shelby County Assessor, and the Shelby County Trustee. After these motions were filed, Schering-Plough served a copy of the petition upon these additional parties. Thereafter, Shelby County, the Assessor, and the Trustee filed a joint motion to quash service, or in the alternative, to dismiss, relying upon the same grounds alleged by the Board: failure to name all parties to the contested case and failure to serve a copy of the petition upon all parties to the contested case within sixty days of the final order of the agency.

Following a hearing, the Chancellor granted the Board's motion to dismiss, stating "Schering-Plough's failure to name Shelby County as a defendant and to serve upon the County . . . a copy of the Petition renders this Court without subject

matter jurisdiction over this action."[2] The Court of Appeals reversed the dismissal and held that Schering-Plough had properly preserved its right to judicial review of the administrative decision simply by filing its petition for review with the Chancery Court within sixty days of the final agency decision. Relying upon this Court's decision in JACO v. Department of Health, Bureau of Medicaid, 950 S.W.2d 350, 353 (Tenn. 1997), the Court of Appeals also concluded that the sixty-day time limitation does not apply to the statutory provision which requires that all parties of record be served with a copy of the petition. Thereafter, this Court granted the Board's application for permission to appeal and now affirms the decision of the Court of Appeals for the reasons that follow.

## STATUTORY CONSTRUCTION

In resolving the issues in this appeal, we are guided by the following general rules of statutory construction. The role of this Court in construing statutes is to ascertain and give effect to legislative intent. Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995). Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. Carson Creek Vacation Resorts, Inc. v. State, Dep't of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). If the legislative intent is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or constructions, and courts are not at liberty to

---

[2]At the trial level, the Board alleged and the Chancellor cited a third basis in support of dismissal--failure to serve process on all parties of record. In light of this Court's decision in JACO v. Department of Health, Bureau of Medicaid, 950 S.W.2d 350, 353 (Tenn. 1997), the Board has abandoned this position on appeal.

-4-

depart from the words of the statute. Id. Where the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, "to say sic lex scripta, and obey it." Id., quoting Miller v. Childress, 21 Tenn. (2 Hum.) 319, 321-22 (1841).

With these principles in mind, we next consider the statute that is the focus of this appeal. Under the Uniform Administrative Procedures Act (UAPA),[3] a party aggrieved by a final decision of an administrative agency may seek judicial review of the contested case. Tenn. Code Ann. § 4-5-322(a) (1998 Repl.). The procedure for obtaining review is delineated in Tenn. Code Ann. § 4-5-322(b) (1998 Repl.), which provides, in pertinent part:

> (1) Proceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute.[4] Such petition shall be filed within sixty (60) days after the entry of the agency's final order thereon. . . .
>
> (2) In a case in which a petition for judicial review is submitted within the sixty-day period but is filed with an inappropriate court, the case shall be transferred to the appropriate court. . . . Copies of the petition shall be served upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process.

(Emphasis added.) We agree with the Court of Appeals that the plain language of this statute imposes only two requirements upon a party seeking judicial review of a contested case. First, the statute requires an aggrieved party to file a petition for

---

[3] Tenn. Code Ann. §§ 4-5-101 through 4-5-325 (1998 Repl.).

[4] At the time of the filing of Schering-Plough's petition for review on July 21, 1995, Tenn. Code Ann. § 67-5-1511 (1994 Repl.) permitted the filing of a petition for review of a decision of the Board in "Davidson County or the chancery court of the county where the disputed assessment was made." In this case, the disputed assessment was in Shelby County, and Schering-Plough filed its petition in the Shelby County Chancery Court.

review in an appropriate chancery court within sixty days after entry of the agency's final order. The sixty-day time limitation upon filing of the petition is jurisdictional. Bishop v. Department of Correction, 896 S.W.2d 557 (Tenn. App. 1994) (perm. app. denied March 20, 1995). The second requirement of the statute is that a copy of the petition be served "upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process." Tenn. Code Ann. § 4-5-322(b) (1998 Repl.).

Contrary to the Board's assertions, these are the only two procedural requirements under Section 322 for obtaining judicial review of a contested case.[5] Nothing in the statute mandates that the petition itself name all the parties to the contested case. So long as a copy of the petition is served upon the "parties of record" to the contested case, the unambiguous dictates of the statute are satisfied. Though we base our decision on the plain language of the statute, we agree with the Court of Appeals that a petition for review is comparable to a notice of appeal. As we stated in JACO, a petition for judicial review is the continuation of an administrative proceeding in much the same way that an appeal can be characterized as a continuation of the underlying action. The parties to the contested case have previously been determined and are "of record." JACO, 950 S.W.2d at 352. As the Court of Appeals noted, failure to name a party in a caption of a notice of appeal is not a reason for dismissal of the appeal. See Tenn. R. App. P. 3(f). Similarly, failure

_____

[5]The Board's reliance upon Tenn. Code Ann. 67-5-1511(b) (1998 Repl.) is misplaced. This statute governs the scope of evidence admissible at a chancery court hearing on a petition for judicial review of a decision of the Board. It does not delineate the procedure required for obtaining judicial review in chancery court in the first instance.

to name a party in a petition for judicial review is not grounds for dismissal of the proceeding.

Moreover, we reject the Board's argument that dismissal is required unless a copy of the petition for review is served within sixty days after entry of the final agency order. While the statute clearly requires that the petition for review be filed within the sixty-day time period, the statute does not mandate that service occur within that same time period. The sixty-day limitation appears in the statutory subsection relating to filing not service of the petition for review. In fact, the statute does not designate a definite time period within which service must be accomplished. It provides only that service of a copy of the petition be accomplished in accordance with the Tennessee Rules of Civil Procedure pertaining to service of process. As we stated in JACO, this portion of the statute refers only to the method and means of service set forth in the rules. JACO, 950 S.W.2d at 353. Judicially applying the sixty-day period to service of the petition is not appropriate in light of the plain language of the statute.

The Board's assertions that an aggrieved party must name all the parties to the contested case in the petition for review and serve the petition for review within the sixty-day time period simply are not supported by the plain language of the statute. As previously stated, where the language contained within the four corners of a statute is plain, clear, and unambiguous, courts are not at liberty to depart from the language of the statute. Judicial construction simply is not appropriate. Carson Creek Vacation Resorts, Inc., 865 S.W.2d at 2. Moreover, the Board's proposed construction is inconsistent with the General Assembly's expressed intent that the

UAPA be "given a liberal construction and any doubt as to the existence or the extent of a power conferred shall be resolved in favor of the existence of the power." Tenn. Code Ann. § 4-5-103 (1998 Repl.). The clear language of the statute confers upon certain chancery courts the jurisdictional power to consider petitions for review which are filed within sixty days after entry of the final agency order. The Board's proposed construction would divest a chancery court of jurisdiction even though an aggrieved party has satisfied all the explicit statutory requirements for obtaining judicial review. We decline to adopt such a construction.

For the reasons discussed above, we reject the Board's proposed construction of Tenn. Code Ann. § 4-5-322(b) (1998 Repl.). The plain language of the statute does not require an aggrieved party to name all parties of record to the contested case in the petition for judicial review, nor does it require service of a copy of the petition within the sixty-day time period.[6] The plain language of the statute requires only that a petition for review be filed within sixty days after entry of the final agency order and that a copy of the petition be served upon the agency and all parties of

---

[6]To the extent inconsistent with our decision herein all previous appellate court decisions are overruled including HRA, Inc. v. Department of Commerce & Ins., 914 S.W.2d 512, 513-14 (Tenn. App. 1995). We also expressly disapprove the dicta statement of this Court in JACO which characterized the result in HRA, Inc. as "clearly correct." JACO, 950 S.W.2d at 353.

record, including the Attorney General and Reporter, in accordance with the method and manner prescribed by the Tennessee Rules of Civil Procedure for service of process.

## CONCLUSION

Applying these principles to the facts of this case, it is clear that Schering-Plough has satisfied both statutory requisites. Schering-Plough's petition for review was filed within the sixty-day time limitation. The parties of record to the contested case have been served with a copy of the petition. Accordingly, the decision of the Court of Appeals reversing the Chancery Court's dismissal is affirmed.

_____
FRANK F. DROWOTA, III,
JUSTICE


**Concur:**
Anderson, C. J.
Birch, Holder, Barker, JJ.