IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
January 3, 2001 Session

## DEXTER L. WILLIAMS v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Blount County**
**No. C-9849     D. Kelly Thomas, Jr., Judge**

_____

**No. E1999-00871-SC-R11-PC - Filed March 29, 2001**

_____

FRANK F. DROWOTA, III, J., with whom JANICE M. HOLDER, J., joins, dissenting.

I respectfully dissent from the majority decision. Because the petition for post-conviction relief is clearly time-barred by the one-year statute of limitations, I would reverse the judgment of the Court of Criminal Appeals and affirm the judgment of the trial court which dismissed the petition for post-conviction relief.

### Background

As stated by the majority, the record reflects that Williams's conviction and sentence were affirmed by the Court of Criminal Appeals on January 9, 1995. Shortly thereafter, counsel for Williams allegedly mailed a cover letter and a copy of the decision to Williams. In the cover letter, counsel allegedly stated that he no longer had the authority to represent Williams "to a further court." Counsel did not file a motion to withdraw with the Court of Criminal Appeals pursuant to Tennessee Supreme Court Rule 14, however.[1]

On October 12, 1995, approximately nine months after the Court of Criminal Appeals rendered its decision, Williams contacted his attorney. At this point, Williams notified his attorney that he had not received the cover letter and copy of the intermediate appellate court decision. As a result of this conversation, on October 18, 1995, Williams's appointed counsel filed a motion to withdraw in the Court of Criminal Appeals citing Tenn. Sup. Ct. R. 14. The Court of Criminal Appeals denied the motion as untimely. On November 8, 1995, Williams's counsel filed an

_____

[1] Rule 14 provides in pertinent part that: "[p]ermission for leave to withdraw as counsel for an indigent defendant after an adverse final decision in the Court of Criminal Appeals and before preparation and filing of an Application for Permission to Appeal in the Supreme Court must be obtained from the Court of Criminal Appeals by filing a motion with the Clerk of that Court not later than fourteen (14) days after the Court's entry of final judgment."

application for permission to appeal in this Court, which we dismissed as untimely on February 5, 1996.

On October 24, 1996, approximately eight months after this Court dismissed the application as untimely and approximately twenty-one months after the Court of Criminal Appeals rendered its decision on direct appeal, Williams filed a pro se petition for post-conviction relief. The trial court eventually dismissed the petition because Williams failed to present evidence. Williams appealed, and the Court of Criminal Appeals remanded the case to the trial court for a hearing, "initially to address the circumstances of the petitioner's direct appeal, of the application for permission to appeal, and of trial counsel's relationship to the application – as all relate to the issue of the statute of limitations." Thereafter, this Court granted the State's application for permission to appeal.

## Analysis

Tennessee Code Annotated § 40-30-202(a) provides as follows:

Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state <u>must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.</u>

(Emphasis added.)

This statute was enacted as part of the 1995 Post-Conviction Procedures Act and became effective on May 10, 1995. Under this statute, Williams had until May 10, 1996 to timely file a petition for post-conviction relief. <u>See</u> 1995 Tenn. Pub. Acts. ch. 207, § 3; <u>Carter v. State</u>, 952 S.W.2d 417, 419 (Tenn. 1997). Therefore, Williams's pro se petition filed October 24, 1996 is plainly untimely and should be dismissed. It was filed approximately twenty-one months after the Court of Criminal Appeals, the highest state appellate court to which an appeal was taken, rendered its decision. Filing an untimely application for permission to appeal to this Court does not constitute "an appeal" as that term is used in Tenn. Code Ann. § 40-30-202(a) and therefore does not delay commencement of the one-year post-conviction statute of limitations. As the State points out, any other conclusion would allow a prisoner to easily defeat the one-year limitations period by filing an

untimely application for permission to appeal long after the expiration of the statute of limitations and assert that the one-year post-conviction statute commenced upon this Court's dismissal of the untimely application.

I do not agree with the majority that a hearing is required because "due process considerations may have tolled the limitations period" in this case. Williams realized perhaps as early as October 12, 1995 that his attorney had failed to timely file an application for permission to appeal. At that point, Williams still had approximately seven months to timely file a post-conviction petition. He did not do so. Even when this Court, on February 5, 1996, entered an order dismissing his untimely application for permission to appeal, Williams still had approximately three months remaining to file a timely post-conviction petition. Again, he failed to do so. While Williams's appointed counsel may have deprived him of his right to seek second-tier discretionary review, it was Williams's own dilatory conduct that precluded him from seeking redress for that deprivation.

Despite the majority's comparison, the situation in this case is starkly different from that alleged in Seals v. State, 23 S.W.3d 272 (Tenn. 2000). Unlike Seals, there is no allegation that Williams was mentally incompetent and therefore himself legally incapable of filing a pro se petition for post-conviction relief. Moreover, both Seals, 23 S.W.3d at 278 and the more recent decision, Nix v. State, __ S.W.3d __ (Tenn. 2001), appear to require a prisoner to prove incompetency throughout the statutory period. In this case, Williams had at least three months and perhaps seven months to timely file a petition for post-conviction relief seeking a delayed appeal. He simply failed to assert his rights within the statutory time period. There is nothing in the record to show that he was incapable of doing so. In fact, this very action was initiated when Williams filed a pro se post-conviction petition.

The General Assembly has clearly stated its intent that the post-conviction statute of limitations not be tolled. The role of this Court in construing statutes is to ascertain and give effect to legislative intent. See Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995). Where, as here, legislative intent is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or constructions, and courts are not at liberty to depart from the words of the statute. See Schering-Plough Healthcare Products, Inc. v. State Bd. of Equalization, 999 S.W.2d 775, 776 (Tenn. 1999). Where the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, "to say sic lex scripta, and obey it." Id. (quoting Miller v. Childress, 21 Tenn. (2 Hum.) 320, 321-22 (1841)). Although I agree that tolling of the statute of limitations is required by due process where a prisoner establishes incompetency throughout the statutory period, this is not such a case. Due process is not offended by objectively applying a procedural bar to a fully competent prisoner who simply failed to assert his rights in a timely manner.

The majority opinion excuses Williams's failure to file within the one-year period by stating that he was precluded from acting pro se to pursue post-conviction relief while being represented by counsel. While persons represented by counsel generally are precluded from acting pro se in the same action in which they are represented by counsel, a post-conviction petition is not the same

action as an appeal from the conviction. In <u>Watkins v. State</u>, 903 S.W.2d 302, 305 (Tenn. 1995), this Court stated that "the post-conviction proceeding is procedurally separate and apart from the original criminal prosecution." The cases cited by the majority for the proposition that defendants are generally restricted from representing themselves while simultaneously being represented by counsel involved only the criminal prosecution. In <u>State v. Burkhart</u>, 541 S.W.2d 365, 371 (Tenn. 1976), this Court held that a defendant does not have a right to participate pro se in his own defense at trial and also simultaneously be represented by counsel. Relying upon <u>Burkhart</u>, the Court of Criminal Appeals in <u>State v. Muse</u>, 637 S.W.2d 468, 470 (Tenn. Crim. App. 1982) held that because the defendant was represented by counsel the trial court did not err in refusing to consider the pro se pre-trial motions. Neither of these cases stands for the proposition that a defendant who is represented by counsel in his direct appeal is precluded from filing a pro se post-conviction petition.

Moreover, contrary to the conclusion of the majority, nothing in the post-conviction statute precluded Williams from filing a pro se petition at the same time his attorney filed the untimely application for permission to appeal in this Court. While the statute clearly sets a one-year outside time period beyond which a post-conviction petition may not be filed, there is no explicit language in the statute precluding the filing of a post-conviction petition while an appeal of the conviction is pending. Indeed, conspicuously absent from the majority opinion is any reference to specific statutory language supporting its conclusion. The majority asserts that "judicial economy dictates that only one appeal should be considered at one time." While considerations of judicial economy are certainly important, such considerations should yield to a clear and unambiguous statute that imposes a one-year outside time requirement upon the filing of a post-conviction petition.

However, even accepting the questionable proposition that Williams could not file a pro se post-conviction petition until the untimely Rule 11 application was dismissed, it is undisputed that Williams still had three months remaining to timely file a petition for post-conviction relief. What legal principle requires that he be given more time? More specifically, how much more time does due process require Williams be given? And, finally, how much time must elapse before due process requires tolling? None of these questions are answered by the majority opinion, yet these answers are essential to defining the scope and parameter of the rule it announces. The majority declines to answer these questions, expressing a hesitancy "to arbitrarily determine what length of time constitutes 'enough time'" for a defendant to pursue post-conviction relief. By this statement the majority reveals its disregard of the existing one-year time period adopted by the General Assembly. Since Williams had <u>at least</u> three months of the statutory one-year period remaining to file a timely post-conviction petition, I ask again, why he is entitled to more time? In my view, this determinative threshold question must be answered before the analysis proceeds.

I believe the majority opinion can be read broadly and is likely to have far-reaching ramifications. While I fully agree with the majority that under existing Tennessee law, defendants have a due process right to seek second-tier discretionary review,[2] like any other right, redress for

_____

[2]<u>See</u> <u>Pinkston v. State</u>, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984); <u>See</u> Tenn. Code Ann.
(continued...)

an alleged denial of this right is sought by filing a <u>timely</u> petition for post-conviction relief. Likewise, redress for a claim of ineffective assistance of trial or appellate counsel is sought by filing a <u>timely</u> petition for post-conviction relief. If, as the majority decision holds, a hearing is necessary to determine whether due process requires tolling of the statute of limitations in this case, then a hearing will be necessary to determine whether due process requires tolling of the statute of limitations whenever a petition asserting ineffective assistance of trial counsel is untimely due to counsel's negligence.[3] Such a rule is clearly inconsistent with the plain language of the post-conviction statute requiring a trial judge to summarily dismiss an untimely petition without appointing counsel and without conducting a hearing. <u>See</u> Tenn. Code Ann. § 40-30-206(b) ("[i]f it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . .within the time set forth in the statute of limitations, . . . the judge <u>shall</u> enter an order dismissing the petition."); Tenn. Code Ann. § 40-30-206(f) "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed.") (emphasis added.) By adopting a rule that wholly disregards this clearly expressed legislative intent, the majority has failed to fulfill this Court's primary role in statutory construction – ascertaining and giving effect to legislative intent.

Finally, the majority decision in my view signals to the bench and bar a significant change in Tennessee law. This Court has previously held that there is no constitutional right to effective assistance of post-conviction counsel and that counsel's ineffectiveness does not overcome the procedural bars of waiver and previous determination. <u>See</u> <u>House v. State</u>, 911 S.W.2d 705, 712-713 (Tenn. 1995). In <u>House</u>, counsel for House, a death-row inmate, failed to offer proof at his first post-conviction hearing and failed to raise several key issues. House filed a subsequent petition alleging that it was not barred by previous determination or waiver because his failure to offer proof and to raise issues at his initial post-conviction proceeding was due to counsel's inadequate representation. This Court concluded that the procedural bars of previous determination and waiver applied regardless of counsel's ineffectiveness in the prior post-conviction proceeding. The procedural bars of waiver and previous determination were presumptions under the statute in effect at the time <u>House</u> was decided.

In contrast, the current statute of limitations is a <u>jurisdictional</u> bar to petitions filed beyond the one-year time period. Yet, the majority in this case essentially holds that because Williams's failure to timely file a post-conviction petition is a result of counsel's negligence, the jurisdictional bar of the statute of limitations does not apply. Therefore, in my opinion, were the rule announced today by the majority applied to the facts in <u>House</u>, a different result would obtain. If the majority

---

[2](...continued)
§ 40-30-213(a).

[3]The majority decision can also arguably be interpreted as requiring a hearing whenever a pro se prisoner files an untimely post-conviction petition because he or she erroneously calculated the time within which the petition had to be filed.

has no hesitation in concluding that counsel's negligence can excuse Williams's failure to comply with the statute of limitations – a jurisdictional bar – surely the majority would have had no hesitation in concluding that counsel's negligence precluded application of the procedural bars of waiver and previous determination in <u>House</u>.[4] If due process excuses a jurisdictional bar because of counsel's neglect, it would surely excuse a procedural bar because of counsel's neglect.

Moreover, contrary to the majority's assertion, there is no distinction between "mere attorney negligence" and "alleged [attorney] misconduct in failing to properly withdraw from representation and in failing to notify the petitioner." In fact, "neglect" means "to omit, fail, or forbear to do a thing that . . . is required to be done." <u>Black's Law Dictionary</u> 930 (5th ed. 1979). The only allegation in this record is that Williams's attorney failed to do something he was required to do – properly withdraw in accordance with Supreme Court Rule 14. This is textbook negligence.

Nonetheless, even assuming that the majority's assertion is true and this case involves more than "mere attorney negligence," how does that limit the effect of the majority opinion? Ineffective assistance of counsel is simply <u>deficient</u> performance that results in prejudice. <u>See</u> <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996) (emphasis added). The claim does not turn upon whether the deficiency is intentional, reckless, or negligent. Therefore, even assuming that this record shows more than attorney negligence, which it does not, the effect of the majority opinion remains the same – a hearing will be required every time a petition is untimely to determine whether the untimeliness is attributable to ineffective assistance of counsel.

Finally, I fail to understand why due process requires tolling of the jurisdictional post-conviction statute of limitations when a petition is untimely due to counsel's neglect, but does not require tolling of the 60-day time period within which to file an application for permission to appeal pursuant to Tenn. R. App. P. 11 when the application is untimely for the same reason. For example, since counsel's alleged negligence in this case related directly to the 60-day time period and since it was that alleged negligence which deprived Williams of his due process right to seek second-tier discretionary review, I am puzzled why this Court did not issue an order when the untimely Rule 11 application was filed on November 8, 1995, stating that due process required suspension of the 60-day time period. Counsel's failure to comply with Supreme Court Rule 14 would have been apparent from the record, so no further fact-finding would have been necessary.

The majority states that the untimely application was dismissed because Tenn. R. App. P. 2 prohibits this Court from extending the time for filing an application for permission to appeal. While that is certainly true, it seems irrelevant. If due process requires tolling of a strict one-year statute of limitations that contains an anti-tolling provision, it also would require extending a rule of appellate procedure despite another rule prohibiting extensions. The majority's unwillingness to

---

[4] I note that the Florida cases upon which the majority relies support a broad interpretation, as the most recent decision of the Florida Supreme Court discussing those cases makes clear. <u>See</u> <u>Williams v. State</u>, 2000 WL 1726782 (Fla. Nov. 22, 2000). The Florida courts have held that due process <u>mandates</u> that prisoners be allowed to file and courts be required to consider untimely post-conviction motions and appeals when the untimeliness is due to counsel's neglect.

adopt such an approach or explain its refusal to do so is perplexing since such an approach would advance judicial economy, give effect to the strict one-year statute of limitations adopted by the General Assembly, and most importantly, directly address the deprivation that allegedly resulted from counsel's ineffectiveness. I find it curious that the majority has no hesitation in applying constitutional principles to toll an explicit statute, but refuses to apply those same principles to toll or extend its own procedural rules.

In my view, the majority announces a decision that seems to ignore legislative intent and depart from established law in what I can only conclude is an attempt to spare this prisoner from the results of his own dilatory conduct. To all other prisoners whose post-conviction petitions have been rightly dismissed as time-barred, the majority's decision must appear unfair and arbitrary. I respectfully dissent.

I am authorized to state that Justice Holder concurs in this dissenting opinion.


_____
FRANK F. DROWOTA, III, JUSTICE