IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 1, 2022

## ABRAHAM A. AUGUSTIN v. BRADLEY COUNTY SHERIFF'S OFFICE, ET AL.

**Appeal from the Circuit Court for Bradley County**
No. V-16-082      Lawrence Howard Puckett, Judge

_____

**No. E2021-00345-COA-R3-CV**

_____

This is the second appeal of this forfeiture action. Appellant seeks the return of seized property and damages under Tennessee Code Annotated section 40-33-215(b).    In ***Augustin v. Bradley County Sheriff's Office, et al***., 598 S.W.3d 220 (Tenn. Ct. App. Oct. 10, 2019), this Court affirmed the trial court's dismissal of Mr. Augustin's claim for return of the seized property but remanded the case for further proceedings on the section 40-33-215(b) question. The trial court denied Appellant's request for damages under section 40-33-215(b). Because Appellant is not a prevailing party, he does not meet the threshold requirement for an award of damages under section 40-33-215(b). Affirmed and remanded.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Abraham A. Augustin, Coleman, Florida, appellant, pro se.

Thomas E. LeQuire and David L. Berry, Chattanooga, Tennessee, for the appellees, Bradley County Sheriff, and Jimmy Smith.

## OPINION

The relevant background facts are set out in this Court's opinion in ***Augustin v. Bradley County Sheriff's Office, et al***., 598 S.W.3d 220 (Tenn. Ct. App. Oct. 10, 2019) ("***Augustin I***"):

On February 9, 2016, Petitioner/Appellant Abraham Asley Augustin ("Appellant") filed an action in the Bradley County Circuit Court ("the trial court") seeking a return of "property that [was] forfeited without Due Process" against the Bradley County Sheriff's Department ("the Bradley County Sheriff's Department" or "Appellee"). . . . Appellant was arrested on December 3, 2009 by the Bradley County Sheriff's Department on a warrant for kidnapping and robbery. Incident to this arrest in Bradley County, Appellant alleged that both his vehicle and cash were seized. At the time, Appellant signed a notice of seizure form indicating that cash and drugs had been seized. Appellant was then transferred to Hamilton County, where the charges were pending. He was subsequently released on bond.

On December 9, 2009, Appellant was arrested a second time by the Bradley County Sheriff's Department on federal kidnapping charges. Incident to this arrest, Appellant alleged that additional cash and a U-Haul were seized by the Bradley County Sheriff's Department. A notice of forfeiture regarding the seized cash, as well as seized narcotics, indicates that a notice was presented to Appellant, but he refused to sign.

***

In 2012, Appellant filed his first action for return of the seized property in the trial court. The action was eventually dismissed for lack of subject matter jurisdiction and expiration of the statute of limitations. Following the dismissal of his first action, Appellant engaged in federal litigation concerning the seized property. In the course of the federal litigation, on November 12, 2015, Appellant alleged that he finally received information regarding the seizure and forfeiture of his property. Specifically, Appellant alleged that he learned that although the Bradley County Sheriff's Department obtained forfeiture warrants and later forfeiture orders regarding Appellant's "property and cash," documents relative to the seizure were not properly mailed to Appellant as required by statute. According to Appellant's complaint and attached documents, the warrants and orders were in fact mailed to addresses in North Carolina, despite the fact that Appellant resided at the Bradley County jail at all relevant times. Thus, Appellant alleged that the Bradley County Sheriff's Department knowingly and intentionally mailed the notices to an incorrect address, thereby depriving Appellant of his ability to contest the forfeiture of the property at issue. Appellant further alleged that this action violated his constitutional rights and that he was entitled to "the monetary equivalence" of the seized property and cash, as well as attorney's fees.

On August 1, 2016, Appellant filed a motion for default judgment against Appellee. Appellant thereafter filed additional motions to ensure his participation in the case despite his incarceration and to be awarded punitive

damages. On January 17, 2017, the trial court denied the motion for default judgment on the basis that Appellee had not been served.

On February 13, 2017, Appellant filed a motion to amend his complaint to add additional individual defendants and to more fully set forth his claims for relief. In the corresponding pleading styled as a "Statement of Claim," Appellant sought $316,840.00 as the monetary value of the items seized, $2,000,000.00 in compensatory damages for the items seized that had no pecuniary value, and $3,000,000.00 in punitive damages.

\*\*\*

On August 14, 2017, the Bradley County Sheriff's Department filed a motion to dismiss Appellant's complaint, arguing *inter alia*, that the issues raised were barred by the doctrine of res judicata and/or the applicable statute of limitations, and that the trial court lacked subject matter jurisdiction to adjudicate Appellant's claim. With regard to jurisdiction, Appellee contended that Appellant was required to exhaust his administrative remedies with the Department of Safety pursuant to Tennessee Code Annotated section 40-33-201 *et seq*., and that, in any event, any petition for judicial review should have been filed in Davidson County Chancery Court pursuant to the Uniform Administrative Procedures Act. On December 20, 2017, the trial court granted Appellee's motion to dismiss after concluding that is lacked subject matter jurisdiction to address the issues raised in Appellant's complaint.

*Augustin I*, at 222-24 (footnotes omitted). The *Augustin I* Court affirmed the trial court's dismissal of Mr. Augustin's claim for return of the seized property, reversed the dismissal of Mr. Augustin's claim for damages under Tennessee Code Annotated section 40-33-215(b), and remanded the case for further proceedings on the section 40-33-215(b) question. As such, the instant appeal involves only Mr. Augustin's claim for damages under section 40-33-215(b). To the extent that Mr. Augustin raises issues concerning the actual seizure and forfeiture of any property, these issues were adjudicated against him in *Augustin I*. Specifically, the *Augustin I* Court held that

[Mr. Augustin] failed to seek judicial review within sixty days of the issuance of any of the administrative forfeiture orders [as required under Tennessee Code Annotated section 4-5-322(b)(2)]. Moreover, even taking [Mr. Augustin's] allegation that he did not receive notice of the orders until November 12, 2015, and assuming, arguendo, that this is the date upon which the sixty-day time period began to run, [his] petition was filed well outside the sixty-day time period. "A party's failure to file a petition for review on or before the statutory deadline prevents the courts from exercising their jurisdiction to review the agency's decision*." Davis v. Tennessee Dep't of*

*Employment Sec.*, 23 S.W.3d 304, 307–08 (Tenn. Ct. App. 1999) (citing *Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 776 (Tenn. 1999)). Where [Mr. Augustin] did not attempt to file a claim in the applicable agency and did not seek judicial review of the agency's decision within sixty days of being notified of it, at the latest, we must conclude the trial court did not err in holding that it was deprived of jurisdiction to consider any effort to reclaim the forfeited property.

*Augustin I*, 598 S.W.3d at 234. Accordingly, we will not address any issues concerning the seizure and forfeiture of Mr. Augustin's property, or the question of notice as these issues were settled in *Augustin I.* Rather, we will limit our review to the sole issue of whether the trial court erred in dismissing Mr. Augustin's section 40-33-215 claim for monetary damages.

On remand from *Augustin I*, the trial court dismissed Mr. Augustin's section 40-33-215 claim for monetary damages by order of March 24, 2021. Therein, the trial court specifically held that

> Mr. Augustin has failed to state a claim upon which relief can be granted under § 40-33-215. He has not alleged that he has prevailed in the forfeiture proceeding against a seizing agency defendant he has brought before this court. Therefore, his pleadings reveal that the Court lacks subject matter jurisdiction over his 40-33-215 claim at this time.

As in *Augustin I*,

> [i]n considering a motion to dismiss, courts "'construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31–32 (Tenn. 2007)). A motion to dismiss should be granted only where the plaintiff "'can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). Our review of the trial court's decision to grant Appellee's motion to dismiss is de novo with no presumption of correctness. *Id.*

*Augustin I*, 598 S.W.3d at 225.

Tennessee Code Annotated section 40-33-215 provides, in relevant part:

(a) A person who has property seized in accordance with this part shall have a cause of action against the seizing agency if the seizing officer acted in bad

- 4 -

faith in seizing or failing to return property seized pursuant to this part.

**(b) A person who prevails in an action against a seizing agency** pursuant to this section shall be entitled to:
(1) Reasonable attorney fees and court costs necessarily incurred in seeking the return of the seized property and in bringing the action pursuant to this section; and
(2) Monetary damages resulting from the improper seizure of the property.

Tenn. Code Ann. § 40-33-215 (emphasis added). It is well settled that when reading "statutory language that is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chemical Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). "[W]e presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by doing so." *Lind v. Beaman Dodge*, 356 S.W.3d 889, 895 (Tenn. 2011). "When a statute is clear, we apply the plain meaning without complicating the task." *Id*. "Our obligation is simply to enforce the written language." *Id*. As highlighted above, under the plain language of the section 40-33-215(b), a prerequisite for recovery of attorney's fees, costs, and/or monetary damages is that the claimant "prevails in an action against a seizing agency." *Id*.

As set out in context above, in *Augustin I*, this Court affirmed the trial court's determination that it lacked subject matter jurisdiction to consider any effort by Mr. Augustin to reclaim the forfeited property. *Augustin I*, 598 S.W.3d at 234. Likewise, in the more recent case of *Augustin v. Tenn. Dep't of Safety and Homeland Security*, No. No. E2021-00635-COA-R3-CV, 2022 WL 1555175 (Tenn. Ct. App. May 17, 2022) ("*Augustin II*"), we held that because Mr. Augustin's "petition was not filed within sixty days of receiving notice of the forfeiture, *see* Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv), the trial court lacked subject matter jurisdiction to review the forfeiture." *Augustin II*, 2022 WL 1555175, at *1. By order of June 6, 2022, this Court denied Mr. Augustin's petition for rehearing in *Augustin II*. On July 11, 2022, Mr. Augustin filed a Tennessee Rule of Appellate Procedure 11 petition for writ of certiorari in the Tennessee Supreme Court, seeking review of this Court's decision in *Augustin II*. On November 17, 2022, the Tennessee Supreme Court denied certiorari. In view of the holdings in *Augustin I* and *Augustin II*, and the denial of certiorari in *Augustin II*, there is no further avenue for Mr. Augustin to seek review of the forfeiture. As such, this Court's holdings in *Augustin I* and *Augustin II* are final, and Mr. Augustin cannot qualify as "a person who prevails in an action against a seizing agency," whether that agency is the Bradford County Sheriff's Department (*Augustin I*) or the Tennessee Department of Safety and Homeland Security (*Augustin II*). Because he is not a prevailing party, Mr. Augustin does not meet the threshold requirement for recoupment of his attorney's fees, costs, or damages under Tennessee Code Annotated section 40-33-215.

For the foregoing reasons, the trial court's order is affirmed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Abraham A. Augustin. Because Mr. Augustin is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE