IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 4, 2024 Session

## REBECCA BYRD v. CLARKSVILLE-MONTGOMERY COUNTY SCHOOL SYSTEM

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-AA-22-4   Ben Dean, Chancellor**

—————————————————————

### No. M2023-01210-COA-R3-CV

—————————————————————

A tenured teacher sought judicial review of her reprimand and one-day suspension. The chancery court modified the discipline imposed by the director of schools. Because we conclude that the teacher did not timely petition for judicial review, we vacate the judgment with instructions to dismiss for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and ANDY D. BENNETT, J., joined.

Mark Nolan, Clarksville, Tennessee, for the appellant, Clarksville-Montgomery County School System.

Rebecca Lynne Byrd, Clarksville, Tennessee, pro se appellee.

## OPINION

### I.

The Clarksville-Montgomery County School System began investigating the actions of tenured teacher Rebecca Byrd after employees in its technology department expressed concerns that she may have violated the Family Educational Rights and Privacy Act ("FERPA"). *See* 20 U.S.C. § 1232g(b). Those concerns stemmed from a website Mrs. Byrd hoped to create as a better method for communicating with students and parents. To create the website, she enlisted the aid of her husband, a trained computer programmer,

which potentially gave him access to student information protected by FERPA. Because of this, the school system issued a written reprimand and suspended Ms. Byrd for one day without pay for "neglect of duty."[1]  *See* Tenn. Code Ann. § 49-5-501(8) (2023) (defining "neglect of duty").

Mrs. Byrd requested a conference with the Director of Schools. *See id.* § 49-5-512(d) (2023) (outlining the procedure for appealing a disciplinary suspension of three days or less that is not made in anticipation of dismissal). At the conference, Mrs. Byrd, who was represented by legal counsel, provided rebuttal information and denied certain of the allegations made against her. In her written decision following the conference, the Director of Schools conceded that Mrs. Byrd's intent in disclosing student information might not have been malicious and expressed appreciation for Mrs. Byrd's commitment to her students. Even so, the director upheld the original punishment.

On May 4, 2022, the Montgomery County Chancery Court Clerk and Master received a letter from Mrs. Byrd. Attached to the letter were the letter of reprimand and suspension, the letter from the director upholding the punishment, and an email from the Tennessee State Board of Education. In her letter, Mrs. Byrd explained that she had received the director's final decision on April 6, 2022. And she acknowledged that, to appeal that decision, she "must file within 30 days to the Montgomery Chancery Court under TCA § 49-5-513, [. . .] which is May 04, 2022." Mrs. Byrd wrote, "[u]nfortunately, I was unable to secure coun[se]l within that time frame (was left hanging with no response for two weeks by a law firm after meeting in person)." She went on to "officially request[] an emergency extension to allow the union representative to help . . . best represent [her] side of the story, which has been completely ignored by [the school system] thus far." Because preparation of an appropriate appeal would "require at least 2 [m]onths," she "request[ed] that the deadline for submitting the appeal be extended by 61 days, to July 06, 2022." Mrs. Byrd closed by asking the court to "[p]lease let us know if [it] can accommodate this request."

The clerk's office treated Mrs. Byrd's letter and attachments as a petition for a writ of certiorari, set a hearing date nearly two months out, and provided a summons. *See id.* §§ 49-5-512(d)(5), -513 (2023) (specifying that a tenured teacher who is suspended may appeal a director's decision by petition for a writ of certiorari). Thereafter, the parties filed a series of motions. First, the school system moved to dismiss for insufficiency of process based on Mrs. Byrd's failure to include a copy of a petition when she served the summons.

---

[1] The school system also reported the suspension to the State Board of Education Office of Educator Licensure. *See* Tenn. Code Ann. § 49-5-417(c)(2) (2023) (requiring a report to the state board of "licensed educators . . . who have been suspended" following allegations of certain conduct). The school system later clarified that it was "requesting no action towards [Mrs. Byrd's] teaching license."

*See* TENN. R. CIV. P. 12.02(5). The chancery court denied the motion and issued a writ of certiorari.

Mrs. Byrd moved for summary judgment. She argued that the school system failed to prove the charges because the information she provided to her husband was not protected by FERPA. The school system responded to the motion for summary judgment, but it also filed a second motion to dismiss. Among other grounds, the motion asserted that the chancery court lacked subject matter jurisdiction because Mrs. Byrd "never filed a Petition for writ of certiorari (or any other type of Complaint) commencing an action . . . within the applicable 30-day limitation period." *See* TENN. R. CIV. P. 12.02(1).

The chancery court denied both motions. On the question of subject matter jurisdiction and the lack of a timely petition, the chancery court reasoned that it "ha[d] already ruled that Mrs. Byrd's May 4th letter complied with the pleading requirements under the Tennessee Rules of Civil Procedure and the Tennessee Constitution when it issued the Writ of Certiorari[] and . . . construed Mrs. Byrd's letter as a Petition for Writ of Certiorari."

Ultimately, after a hearing, the court determined that the school system's discipline was disproportionate and ordered substitute discipline. It found "that the record demonstrate[d] that Mrs. Byrd, in an effort to innovate and improve her communication with students and parents, committed, at the worst, a minor technical violation of FERPA." And "given Mrs. Byrd's noble intentions and the lack of actual harm, the ambiguity of the [school system's] FERPA policy, as well as there being no evidence of any prior discipline of Mrs. Byrd, that the discipline or 'punishment' of one day suspended without pay[] simply d[id] not 'fit the crime.'" So the court concluded that, "rather than a one-day suspension without pay, Mrs. Byrd should be issued a written letter of reprimand." It also ordered that "Mrs. Byrd should be required to complete some additional FERPA training and instruction in such an amount and nature as deemed appropriate by the Director of Schools, although not to exceed 4 hours."

## II.

On appeal, the school system raises issues with the denial of its motions to dismiss and the chancery court's review and modification of the discipline. First, the school system asserts that the court lacked subject matter jurisdiction because of Ms. Byrd's failure to initiate the action within the time frame required by the Tennessee Teacher Tenure Act. Second, it asserts the case should have been dismissed based upon insufficient service of process. Finally, it asserts the court erred in the admission of certain evidence and by applying the wrong standard of review at the final hearing.

3

We conclude the first issue is dispositive. Subject matter jurisdiction is "the power of a court to adjudicate cases of the general class to which the proceedings in question belong." *Est. of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013). Tennessee courts derive this power over a particular class of cases from either the State constitution or a legislative act. *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012); *Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 639 (Tenn. 1996). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). If a court does not have subject matter jurisdiction over a case, any orders or judgments that it enters in that matter are void. *See Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955). Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012). If we determine that the trial court lacked subject matter jurisdiction, we "must vacate the judgment and dismiss the case without reaching the merits of the appeal." *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001).

By enacting the Teacher Tenure Act, the Tennessee legislature constructed a procedural framework for teacher discipline. *See Lemon v. Williamson Cnty. Schs.*, 618 S.W.3d 1, 15-16 (Tenn. 2021). A tenured teacher "who is . . . suspended by action of the director" may obtain judicial review by filing a petition for writ of certiorari within thirty days of the director's decision. Tenn. Code Ann. § 49-5-513(a)-(b). The petition must be filed in "the chancery court of the county where the teacher is employed" and name a defendant. *Id.* And it must include a statement of "the issues involved in the cause, the substance of the order of the board, or the respects in which the petitioner claims the order of the board is erroneous" along with a request for the court's review. *Id.*

After reviewing Mrs. Byrd's unsworn letter and its attachments, we conclude that it failed to satisfy the requirements of a petition under Tennessee Code Annotated § 49-5-513. The letter requested an extension of the statutory time limit, not judicial review. *See Brundage v. Cumberland Cnty.*, 357 S.W.3d 361, 371 (Tenn. 2011) (explaining that "courts should give effect to the substance of a pleading"). In the letter, Mrs. Byrd all but acknowledged that it was not "an appropriate appeal" and that she "[would not] have an appeal ready to file" by the statutory deadline. So she "officially request[ed] an emergency extension" and asked for a new deadline. She closed her letter by asking the court if it could accommodate her requested extension. And she signed the letter following the statement: "This Request to Extend a Proposal Deadline Date is executed and agreed to by."

4

In the context of the Teacher Tenure Act, the required petition for a writ of certiorari is comparable to a notice of appeal. *Cf. Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 776 (Tenn. 1999) (comparing a petition for judicial review of a final decision of an administrative agency in a contested case to a notice of appeal). And the thirty-day time limitation for filing the petition is jurisdictional. *Cf. id.* at 777. Because Mrs. Byrd did not file a petition complying with Tennessee Code Annotated § 49-5-513(b) within thirty days of receipt of notice of the disciplinary decision, the chancery court lacked subject matter jurisdiction over the case.

## III.

Because it lacked subject matter jurisdiction, we vacate the judgment of the chancery court. The case is remanded with instructions to dismiss the appeal.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE