FILED

03/31/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 5, 2026

**GENESIS ROOFING COMPANY v. TENNESSEE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION REVIEW COMMISSION**

**Appeal from the Chancery Court for Sumner County**
**No. 24-CV-146      Jennifer S. Nichols, Judge[1]**

---

**No. M2025-01003-COA-R3-CV**

---

This appeal arises from a petition for judicial review under Tennessee Code Annotated § 4-5-322 of a decision of the Tennessee Occupational Safety and Health Administration Review Commission (the "Review Commission"). Asserting that the petition was untimely because it had been filed more than 60 days after entry of the agency's final order, the Review Commission filed a motion to dismiss for lack of subject-matter jurisdiction under Tennessee Rule of Civil Procedure 12.02(1). The petitioner opposed the motion by asking for an enlargement of time pursuant to Tennessee Rule of Civil Procedure 6.02. The trial court denied the petitioner's motion for an enlargement of time and granted the Review Commission's motion to dismiss. The petitioner appeals. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., C.J., delivered the opinion of the court, in which KRISTI M. DAVIS and VALERIE L. SMITH, JJ., joined.

Daniel Caden Crowell, Nashville, Tennessee, for the appellant, Genesis Roofing Company.

Jonathan Skrmetti, Attorney General and Reporter, J. Matthew Rice, Solicitor General, and Rachel A. Newton, Assistant Attorney General, for the appellee, Tennessee Occupational Safety and Health Administration Review Commission.

---

[1] The case was transferred by agreement from Chancellor Louis W. Oliver, III, to Judge Jennifer S. Nichols, Circuit Court Division II, on January 29, 2025, to hear to its final disposition.

# OPINION

## FACTS AND PROCEDURAL HISTORY

This case arises out of a workplace accident on May 10, 2019, involving Christopher O'Guin, an employee of Genesis Roofing Company ("Genesis Roofing").

On May 10, 2019, Mr. O'Guin was assigned to a Genesis Roofing crew working on a commercial roof in Nashville, Tennessee, which contained flush mounted skylights. After being instructed by the Foreman to get more materials, Mr. O'Guin fell through a skylight, sustaining serious injuries for which he was immediately hospitalized, where he remained until he died six days later, on May 16, 2019.[2]

On May 17, 2019, the Tennessee Occupational Safety and Health Administration ("TOSHA") initiated an investigation concerning the fatal on-the-job injury. Following its investigation, TOSHA determined that Genesis Roofing violated several occupational safety regulations. Based on its findings, TOSHA issued two citations to Genesis Roofing. Citation 1 contained two items, both deemed "Serious," for which it assessed a penalty of $9,500.[3] Citation 2 contained one item, a reporting violation that was deemed "Other-than-Serious," for which it assessed a penalty of $500.[4]

Genesis Roofing accepted Citation 2 and paid the $500 penalty; however, it contested Citation 1, contending that the findings were factually inaccurate and contrary to law.

Four years later, on June 7, 2023, the dispute was heard by the TOSHA Review Commission. Then, on May 2, 2024, eleven months after the hearing, the Review Commission entered a final order containing findings of fact and conclusions of law that

---

[2] Genesis Roofing did not notify TOSHA of the incident until Mr. O'Guin died, May 16, 2019. TOSHA initiated its investigation the following day.

[3] Citation 1, Item 1, was for a violation of 29 CFR § 1926.501(b)(4)(i), which states that "[e]ach employee on walking/working surfaces shall be protected from falling through holes (including skylights) more than 6 feet (1.8 m) above lower levels, by personal fall arrest systems, covers, or guardrail systems erected around such holes." The assessed penalty for this violation was $7,000.00.

Citation 1, Item 2, was for a violation of 29 CFR § 1926.502(f)(1)(iii), which states, "Points of access, material handling areas, storage areas, and hoisting areas shall be connected to the work area by an access path formed by two warning lines." The assessed penalty for this violation was $2,000.00.

[4] Citation 2, Item 1, was for a violation of Tennessee Department of Labor and Workforce Development Rule 0800-01-03.05(1)(a)(2) which states, "Within 24 hours after the in-patient hospitalization of one or more employees . . . as a result of a work-related incident, [the employer] must report the in-patient hospitalization . . . to TOSHA." The assessed penalty for this violation was $500.00.

affirmed both items under Citation 1 as well as the $9,500 penalty. Although the certificate of service said the order was emailed to counsel for Genesis Roofing on May 2, 2024, the order was not sent until May 6, 2024.

Then, on July 5, 2024, counsel for Genesis Roofing e-filed the Petition for Judicial Review with the Chancery Court for Sumner County, Tennessee.

On October 15, 2024, the Review Commission filed a Tennessee Rule of Civil Procedure 12.02(1) motion to dismiss the Petition for Judicial Review as untimely under Tennessee Code Annotated § 4-5-322(b)(1)(A)(iv), which requires review petitions to "be filed within sixty (60) days after the entry of the agency's final order thereon." The Review Commission contended that the trial court lacked subject-matter jurisdiction because the petition was filed four days late. Genesis Roofing responded by asking the trial court for a four-day enlargement of time based on excusable neglect pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure. After the parties briefed the issues, the trial court held a hearing, following which it took the matter under advisement. Then, on May 27, 2025, the trial court denied Genesis Roofing's Motion for an Enlargement of Time, granted the Review Commission's Motion to Dismiss, and dismissed the Petition for Judicial Review. This appeal followed.

## ISSUES

Genesis Roofing presents one issue on appeal:

Whether the trial court abused its discretion when it denied the request by Petitioner-Appellant, Genesis Roofing Company, for a four-day enlargement of time for excusable neglect, pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure, to petition for judicial review of the TOSHA Review Commission's Findings of Fact and Conclusions of Law pursuant to T.C.A. § 4-5-322.

The Review Commission states its issue as follows:

Whether the trial court properly dismissed the petition for judicial review of a decision of the Tennessee Occupational Safety and Health Administration Review Commission, when the petition was filed beyond the 60-day statutory filing deadline.

## STANDARD OF REVIEW

Appellate review of a trial court's denial of a request for an enlargement of time under Tennessee Rule of Civil Procedure 6.02 is for abuse of discretion. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006).

"Whether a court has subject matter jurisdiction over a case is a question of law that we review de novo with no presumption of correctness." *Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 602 (Tenn. 2013) (citing *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012)).

## ANALYSIS

## I.

A petition for judicial review must be filed within 60 days after entry of the agency's final order. Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv). The Review Commission's Final Order was entered on May 2, 2024. Genesis Roofing filed its Petition for Judicial Review on July 5, 2024. Thus, the Petition for Judicial Review was filed four days after the 60-day deadline.

Genesis Roofing admits that its petition was not timely filed but maintains that the trial court should have enlarged the time for filing under Tennessee Rule of Civil Procedure 6.02, which reads:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect, but it may not extend the time for taking any action under Rules 50.02, 59.01, 59.03 or 59.04, except to the extent and under the conditions stated in those rules. This subsection shall not apply to the time provided in Tennessee Rule of Appellate Procedure 4(a) for filing a notice of appeal, nor to the time provided in Tennessee Rule of Appellate Procedure 24(b) & (c) for filing a transcript or statement of evidence.

The Review Commission counters this argument, insisting that the trial court could not consider the motion to enlarge the time under Rule 6.02, relying in part on *Watauga Indus., Inc. v. Greenwell*, No. E1999-00699-COA-R3-CV, 2000 WL 991632 (Tenn. Ct. App. July 19, 2000). The Commission further argues, as stated in its brief:

> By its terms, Rule 6.02 does not apply to the time for filing a notice of appeal under Tenn. R. App. P. 4(a)—a filing requirement that is "mandatory and jurisdictional," *Am. Steinwinter Investor Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). And the Supreme Court has found

- 4 -

that "a petition for [judicial] review is comparable to a notice of appeal." *Schering-Plough* [*Healthcare Prods., Inc. v. State Bd. Of Equalization*, 999 S.W.2d 773, 776 (Tenn. 1999)]; *see United Steelworkers* [*of Am. v. Tennessee Air Pollution Control Bd.*, 3 S.W.3d 468, 472 (Tenn. Ct. App. 1998)] (stating that the deadline under § 4-5-322(b)(1) for filing a petition for judicial review is "mandatory and jurisdictional"). So, Rule 6.02 likewise does not apply to the time for filing a petition for judicial review under Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv).

(Footnotes omitted).

Not to be deterred, Genesis Roofing relies on an earlier decision, *Houseal v. Roberts*, 709 S.W.2d 580 (Tenn. Ct. App. 1984), which applied Rule 6.02 to a Tennessee Code Annotated § 4-5-322 petition for review. As Genesis Roofing argues in its brief:

[T]he Review Commission relies on this Court's unpublished decision in *Watauga Indus.*, to argue that Rule 6.02 does not apply to T.C.A. § 4-5-322 petitions for review. However, this Court's 2000 unpublished decision in *Watauga Indus.* cannot supersede its prior 1984 published decision in *Houseal v. Roberts* applying Rule 6.02 to a T.C.A. § 4-5-322 petition for review. *Watauga Indus.* does not mention *Houseal* at all, despite its controlling authority. Instead, *Watauga Indus.* rests on the Tennessee Supreme Court's 1999 decision in *Schering-Plough*, analogizing T.C.A. § 4-5-322 petitions for review to notice of appeal filed under Tenn. R. App. P. 4. Seizing on this, the Review Commission claims that *Schering-Plough* "effectively abrogated" *Houseal*.

While *Schering-Plough* drew comparison between T.C.A. § 4-5-322 petitions for review and Tenn. R. App. P. 4(a) notices of appeal, it did not equate them for purposes of Rule 6.02. In fact, *Schering-Plough* did not involve Rule 6.02 at all. Not surprisingly, it does not mention *Houseal* either.

But the current Rule 6.02 applicable to this case—amended since *Watauga Indus.*—draws a sharp distinction, expressly exempting Tenn. R. App. P. 4(a) notices of appeal *but not* T.C.A. § 4-5-322 petitions for review.

(Citations omitted).

We have determined that the Review Commission has the better argument based on the reasoning stated by our Supreme Court in *Schering-Plough Healthcare Products, Inc. v. State Bd. of Equalization*, 999 S.W.2d 773 (Tenn. 1999), which reads in pertinent part:

[W]e agree with the Court of Appeals that a petition for review is comparable to a notice of appeal. As we stated in *Jaco*, a petition for judicial review is the continuation of an administrative proceeding in much the same way that an appeal can be characterized as a continuation of the underlying action.

*Id*. at 776. And as we explained in *Watauga*, while relying on the reasoning in *Schering-Plough*:

[A] deadline for filing a petition for judicial review in a contested administrative case is mandatory and jurisdictional, and failure to adhere to it is fatal for those seeking review. Since a petition for review in the Trial Court is comparable to a notice of appeal in this Court, the mandatory nature and jurisdictional effect of the statutory time limit set forth in T.C.A. § 50-7-304(h), (i), which bears the same plain meaning as the time limit for a notice of appeal, also carries the same effect. This statute clearly says Watauga's petition for judicial review was required to be filed within thirty days after the decision of the Board became final under T.C.A. § 50-7-304(h), ten calendar days after the date of the mailing of written notification of the decision. From the record before us, there is no dispute but that the Board mailed the decisions as required by subsection (h). Accordingly, since Watauga failed to file its Petition for Review in a timely manner, the Trial Court lacked jurisdiction to hear the appeal of the Board of Review's decision in *Greenwell* that the employees were locked out of Watauga's premises. Therefore, we vacate the Trial Court's decision in *Greenwell* and dismiss Watauga's Petition for Review in *Greenwell*.

2000 WL 991632, at *9 (citations omitted).

As our Supreme Court noted in *Schering-Plough*, "the statute clearly requires that the petition for review be *filed* within the sixty-day time period." 999 S.W.2d at 777. Accordingly, Rule 6.02 may not be employed to avoid the unambiguous jurisdictional mandate in Tennessee Code Annotated § 4-5-322. *See id*. ("As previously stated, where the language contained within the four corners of a statute is plain, clear, and unambiguous, courts are not at liberty to depart from the language of the statute." (citing *Carson Creek Vacation Resorts, Inc. v. State, Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993))). Thus, the trial court did not err by denying Genesis Roofing's motion to enlarge the time to file its Petition for Review.

Because the 60-day time limit in Tennessee Code Annotated § 4-5-322(b)(1)(A)(iv) is jurisdictional, the trial court lacked subject-matter jurisdiction over the Petition for Judicial Review. Accordingly, we affirm the decision of the trial court.

## IN CONCLUSION

Accordingly, we affirm the judgment of the trial court. Costs of appeal are assessed against the appellant, Genesis Roofing Company.

_____

FRANK G. CLEMENT JR., C.J.